## LUCINDA JANE BOYLE *v.* JAMES SWANSON.

A transfer of a dwelling house and gin house separate from the plantation on which it is situated, cannot be recognized in law so as to embarrass executions. From their nature they are inseparable, and should be sold together.

APPEAL from the District Court of West Feliciana, *Penn*, J. *Z. S. Lyons*, for plaintiff.

*Collins*, *Muse* and *Merrick*, in behalf of defendant, contended: 1st. No sufficient consideration has been shown for said transfer. The voluntary sale from a husband to his wife cannot certainly give her any greater rights than a decree of the court executed. *C. C.* 2402. When such a sale is attacked the burden of proof is on the wife. *Deblanc* v. *Deblanc*, 4 L. R. 422. 2d. The husband cannot make any other contract with his wife than that of sale. C. C. 2421. But a sale of improvements, stock, and farming utensils upon a plantation could not be considered a sale, because the owner of the soil would still be the owner of the improvements and things attached to the plantation by destination. C. C. 455, 459. 2 L. R. 93. 3d. A conditional contract like the one exhibited cannot be executed between husband and wife under said art. 2421, and the husband cannot create a conventional mortgage in favor of the wife. C. C. 2309.

4th. The proof does not show that the improvements claimed by the plaintiff are on the plantation seized. 5th. But were it so shown, and were it possible to sell improvements separately from the land, still it would be no ground of injunction; for the owner of the improvements could not prevent a sale of the land and the residue of the plantation. He could, perhaps, claim a separate appraisement, and share the proceeds of the sale.

6th. The plaintiff in her petition conditionally prays for a rescission of said sale, and that she be decreed to have a mortgage upon the property of her husband. But this certainly does not authorize her to enjoin the execution. Be-

sides, *Swanson's* judgments having been recorded, were older than the sale by *Judge Boyle* to his wife.

7th. In conclusion, we submit to the court that this is a case in which the full amount of damages and interest allowed by law ought to be decreed against the plaintiff and her surety, *Gordon A. Smith*, because the plaintiff enjoined the sale of all the property seized, on the pretence that she owned the improvements on the land, claiming no other of the property seized; because by her conduct she has prevented a sale of the property seized, for a series of years, and has occasioned defendant actual damage to the amount of the damages and interest claimed, by the loss and delay which will now be occasioned in following the proceeds of the property seized into the succession of *Judge Boyle*, and also by the expense of defending this suit in both courts.

· The judgment of the court was pronounced by

PRESTON, J. *James Swanson* obtained two judgments and issued executions against *William D. Boyle*, of the parish of West Feliciana, and caused the sheriff of the parish to seize and advertise for sale a plantation, with a dwelling house, out buildings, gin house, and other improvements on the same.

The plaintiff, the wife of *Boyle*, by him authorized, enjoined the sale. She alleged that she inherited from her father the sum of two thousand five hundred dollars, which her husband had received in the partition of his estate, and had used for his own benefit; as also twelve hundred dollars, the price of two slaves which were her paraphernal property, and which he had sold, and received and used the proceeds.

She alleges that her husband, wishing to reimburse to her these sums, amounting to $3600, did on the 29th of February, 1844, transfer to her by a notarial act, among other things, all his right, title and interest in and to a dwelling house, gin and out houses on the plantation where they reside, which she accepted in payment and restitution of the sums due to her, but only on condition that she should never be molested or disturbed in the quiet and peaceable enjoyment of the property.

She prayed that the defendant might be perpetually enjoined from selling her property thus acquired from her husband; or if she should be disturbed in the enjoyment of the same, in violation of the condition of the transfer to her, that it might be rescinded, and that she might have judgment against her husband for the amount of her paraphernal claims; and that her legal mortgage to secure the same might be enforced upon the property seized by *Swanson*, and about to be sold under his execution.

She produced a notarial act of transfer from her husband, to the effect stated in her petition, and by which she moreover, in consideration of the transfer, renounced her legal mortgage upon all the present and future property of her husband, for the restitution of her paraphernal funds. She also exhibited proof of her claim against her husband on account of the inheritance from her father, to the amount of $2103 70; and on the trial, with the leave of the court, withdrew her claim on account of the price of the sale of her slaves, received by her husband.

The court rendered judgment rescinding the transfer from her husband to the plaintiff; dissolved the injunction, and condemned her and her surety in the injunction bond, to pay five per cent damages on the amount of the executions enjoined, with costs; and they have appealed.

The dwelling house and other buildings on a plantation are immovable by their nature and also by their destination. Code 455, 459. The dwelling house, the out houses and gin house, which the sheriff seized and was about to sell with the plantation of *William D. Boyle*, was so inseparably attached to the planta-

<div style="float:right">BOYLE<br>*v.*<br>SWANSON.</div>

tion, in law and in fact, that it was impossible to separate them and sell the one without the other under execution. A transfer, like that from *Mr. Boyle* to his wife, purporting to sever things which are inseparable cannot be recognized in law so as to embarrass executions. From their nature, it was necessary to sell both together; and therefore it is clear the wife had no right to enjoin the sale.

The court, in pursuance of the condition of her contract with her husband, and of the prayer of her petition, rescinded the transfer from him to her, reserving her rights by virtue of her legal mortgage against her husband's property for the security of the money received from her father's succession and used by him.

The judgment of the district court, in dissolving the injunction and making this provision for any rights the plaintiff may establish against her husband's succession, appears to be not only just and legal, but equitable; and we are at a loss to know on what ground the plaintiff hoped for its reversal.

It is therefore affirmed, with costs.