DOMINIQUE VERGES *v.* J. FORSHEE and A. PENTLAND.

Decision in *Wentz* v. *Vogt*, 3 A., 16 affirmed.

APPEAL from the District Court of the parish of Jefferson, *Clarke*, J. *Dufour & Michel*, for plaintiff. *Field & Cotton* and *McKay*, for defendants and appellants.

CAMPBELL, J. In April, 1851, the defendant, *Forshee*, sold to plaintiff by public act, a stall in the market, with the privileges thereto belonging, a horse and cart, butcher's tools, etc., for $1400, $700 of which sum was paid in cash. By the terms of the act, the vender bound himself not to sell meat of any description, within the limits of the city, for the term of two years, or to interfere in the business transferred to vendee.

To this act, the defendant, *Pentland*, became a party, and bound himself as surety in the sum of seven hundred dollars, that the vendor would faithfully perform and observe these stipulations as promised.

Plaintiff avers a breach of the stipulations in his favor, and claims from defendants the sum of $700 as legitimate damages.

The defendants plead the general denial, and aver that the obligation sued on is illegal as being in violation of public policy.

The case was tried by a jury, and on their verdict judgment was rendered for $300 for plaintiff, from which judgment this appeal has been taken.

The special defence relied upon by defendants, was considered by this court in the case of *Wentz* v. *Vogt*, 3 A., 16, in which it was held, under a state of facts very similar to those presented in this case, that "an obligation by which the vendor of a butcher's stall binds himself, under a penalty, not to sell or

cause to be sold, any meat of a particular kind, within the city, during two <span>VERGES</span><br>
years, is not invalid, as being in restraint of trade, and that if the condition be <span>FORSHEE ET AL.</span><br>
violated, the penalty may be enforced."

In that case, a penalty seems to have been provided by the parties themselves. In this no penalty having been fixed, the damages resulting from the breach of his covenant on the part of the vendor, must be ascertained as in ordinary cases. The measure of damages being the amount of loss the plaintiff has sustained and the profit of which he has been deprived, with the qualifications stated in the Code. The record, though it contains ample evidence of the breach of contract by defendant, furnishes no proof of damages sustained by plaintiff.

Plaintiff seems to have regarded the clause (on the breach of which he relies) as final and binding, on the parties for the full amount stipulated. We do not so regard it; but think that the obligation of defendant, *Pentland*, as surety, was merely to pay such damages as might result from a breach of the stipulations made by vendor in favor of vendee.

The judgment must therefore be reversed and the cause remanded for a new trial. The costs of appeal to be paid by the plaintiff and appellee.