LAND, J.
On July 13, 1903, Mrs. M. C. Witting leased unto John A. Amiss a certain fractional lot, with the buildings thereon, situated in the city of Baton Rouge, for a period of five years, beginning on the 20th day of February, 1904, for the price of $4,-200, payable in monthly installments of $70 each, represented by the 60 promissory notes of the lessee, payable to the order of the lesssor. The contract of lease contained the following stipulation, viz.:
“The said Amiss is to have the right and privilege of purchasing said property at any time during the term of this lease for the price and sum of $7,500, in which event the said Mrs. Witting is to cancel and return all the undue notes given for the rental of said property.”
*504 Mrs. Witting died in the early part of the year 1906, leaving a last will and testament, which was duly probated in the parish of Orleans.
This suit was brought in May, 1906, against the executors and universal legatees of Mrs. Witting, to enforce the option to purchase already quoted. The petition alleged that the plaintiff had informed the executors by letter that he had elected to exercise the right to buy the property at the stipulated price in cash and to have returned to him the rent notes for the unexpired term of the lease, and made demand on said executors to take the necessary legal proceedings to transfer said property, but that said executors positively refused to comply with said contract, and so notified the plaintiff.
The defenses set up were no cause of action, lesion beyond moiety, and want of equity.
There was judgment in favor of the plaintiff as prayed for, and the defendants have appealed.
The exception of no cause of action was properly overruled. The contention that the option stipulated in the lease is a nudum pactum, because without mutuality or consideration, would have merit, if such stipulation stood alone; but, as .it is a part of the contract, it cannot be dissevered therefrom and treated as an independent agreement. In Murphy v. Hussey, 117 La. 390, 41 South. 692, in a similar case, this court held that the lease of the property was a sufficient consideration for an option to purchase, citing Frank v. Stratford, 13 Wyo. 37, 77 Pac. 134, 67 L. R. A. 571, 110 Am. St. Rep. 963, in which the authorities were reviewed and the conclusion deduced that:
“A lease with the affinnative covenants of the lessee is sufficient consideration for a contract giving him a right to purchase the property during the continuance of the lease, so that the option cannot be withdrawn by the lessor during that time.”
In the Hussey Case the contract stated that “in further consideration” the option was granted; but, as the lease was the only consideration,, such recital did not affect the consideration moving between the parties. The lease itself being a sufficient consideration, it matters not that it is not so expressed. In such cases the lessee binds himself to pay the price stipulated in consideration of the use of the premises and the option to purchase. For the same reasons an option to renew, forming part of a contract of lease, will be enforced. 13 Wyo. 37, 77 Pac. 134, 67 L. R. A. 567, 577, 110 Am. St. Rep. 963.
It is further argued that the stipulation for the option .was inchoate and incomplete, because the time and place of payment of the price and the interest to be paid on the credit portion were not specified in the contract, but as a matter of fact were left to-be settled by future agreement.
The time of payment within the term of the lease was left to the option of the lessee. The place of tender of pajonent was fixed by law. Code Pr-ac. art. 406. As no term was fixed for the payment of the price, it was demandable at the will of the lessor, after being notified of the lessee’s election to buy the property. Rev. Civ. Code, art. 2050. Where no term is fixed, the price is payable at the time and place where the delivery is to be made. Rev. Civ. Code, art. 2550. Hence the contract conferred on the lessor the right to demand full payment in cash whenever the lessee elected to exercise his right of option to purchase the property. The testimony of the plaintiff to the effect that the contract shows and he understood that the terms were to be agreed upon amounts to nothing but his opinion on a question of law. As the contract did not provide for a sale on terms of credit, such a sale, if made, was dependent on the future agreement or consent of the parties. Shortly after *506 the contract of lease was executed the parties endeavored to agree on a sale on terms, but did not do so. This failure did not affect the lessee’s contract right to buy the property lor cash.
In April, 1906, the plaintiff notified the ■executors of Mrs. Witting that he had elected to exercise the option to buy the property for $7,500 cash, and was ready to pay the money and accept the deed whenever tendered. The executors and legatees refused to transfer the property. Whereupon this •suit was filed.
It may be noted that there was no exception of want of tender, and that a few days after the filing of the suit the plaintiff deposited in the registry of the court a cashier’s bank check for $7,500, payable to the order of the clerk.
The next question is that of alleged lesion beyond moiety. The contract price was $7,-500, and the evidence shows that this was a fair price in 1903. In 1906 the same property was assessed for $6,000, and according to the estimates of the witnesses was worth from $12,000 to $15,000. Taking either date, the result is the same, as the evidence fails to show with legal certainty that the price was less than one-half of the value of the property. In the recent case of Girault v. Feucht, 120 La. 1070, 46 South. 26, we held that the burden is on the vendor to prove lesion by evidence peculiarly strong and convincing, and of such a nature as to exclude speculation and conjecture. Under this rule the highest estimates cannot be accepted as representing the true value of the property.
We can see nothing inequitable in enforcing the- stipulations of the voluntary contract entered into between the parties. It was a fair contract when made. There was no error, fraud, or mistake. The subsequent rise in the value of real estate cannot affect the obligation of the defendants to transfer the property to the plaintiff pursuant to the terms of the agreement.
Judgment affirmed.