O’NIELL, C. J.
 

 This is an appeal from an order granting a temporary injunction. The facts of the case are stated in Blanchard v. Haber, 163 La. 627, 112 So. 509, which was a mandamus proceeding, in which the judge who granted the injunction in this case was directed to grant the defendant a suspensive appeal from the order of injunction. The writ forbids the defendant, who is a licensed and practicing dentist, to engage or attempt to engage, directly or indirectly, for' himself or for others, in the practice of dentistry at No. 908 Canal street, New Orleans, or at any place within five, blocks from No. 936 Canal street,, the location of the United Dental Company’s office or establishment; and it also forbids him to solicit, .either directly or indirectly, by writing, advertisement, or word of mouth, the business of any of the plaintiff’s patients.
 

 The purpose of the injunction is to enforce the obligations expressed in the ultimate paragraph of the following agreement, dated September 26, 1925, viz.:
 

 “Memorandum of Agreement.
 

 “Tills agreement, made and entered into between E. A. Blanchard, party of the first part, and Dr. M. E. Haber, party of the second part, witnesseth:
 

 “Whereas, the party of the first part desires the services of a dentist; and
 

 “Whereas, the party of the second part, a dentist, desires to' continue in the employ of the party of the first part:
 

 “Now, therefore, it is mutually agreed between the said parties that the party of the second part shall continue in the employ of the party of the first part, his employment having been, and is, perfectly satisfactory to him, as a dentist, in the city of New Orleans, Louisiana, and for his future services as such shall receive the sum of sixty ($60) dollars per week, for [probably meaning from] the signing hereof, payable weekly.
 

 “It is further agreed that this contract shall be and remain in force for a period of ten years, to be terminated by either party hereto by the giving to the other-party a thirty-day written notice of such 'intention.
 

 “In consideration of the employment, and the salary herein agreed to be paid to the party of the second part, and in further consideration of the association to be gained, and knowledge to be obtained, the great number of patients to come under the care while in the modern establishment of the party of the first part, it is agreed that, 'in the event the party of the second part leaves the employ of the party of the first part, or shall the party of the first part dispense with the services of the party of the second part, or for any reason this agreement should terminate, the party of the second part agrees that he will not, within a period of ten years following- such termination, engage or attempt to engage, directly or indirectly, for himself or for others, in the practice of dentistry within five blocks of the then location of the United Dental Company’s Offices or establishment; and the party of the second part further agrees and so pledges himself not to solicit during those ten years, either by writing, advertisement, or word of mouth, the business of any of the patients of the said party of the first part.”
 

 There were several serious defenses urged in answer to the rule to show cause why the writ of injunction should not issue, as shown in the report of the mandamus proceeding, 163 La. 627, 112 So. 509, but we prefer to rest our decision upon the fundamental proposition tendered by the defendant’s exception of no cause or right of action; that is to say, that the obligations attempted to be imposed upon Dr. Haber under the last paragraph of the instrument
 
 *1017
 
 were contracted under a potestative condition, and that there was therefore no mutuality of obligations.
 

 Article 2034 of the Civil Code declares that an obligation contracted on a potestative condition on the part of him who binds himself is null; and article 2024 defines a potestative condition as one which makes the execution of the agreement depend on an event which it is in the power of one of the contracting parties to, bring about or hinder. The peculiar feature of the contract between Dr. Blanchard and Dr. Haber, which made it entirely unilateral, was that Dr. Blanchard could put an end to the contract at any time, from the moment of signing it, by giving thirty days’ notice, and could thus put Dr. Haber out of business as a competitor for the period of ten years; whereas Dr. Haber could not recede from the contract without paying the penalty of going out of business as a competitor of Dr. Blanchard for the period of ten years. In fact, the penalty stipulated, to be imposed upon Dr. Haber for the benefit and advantage of Dr. Blanchard, which Dr. Blanchard could invoke against Dr. Haber at any time and without any cost to Dr. Blanchard, and which forbade Dr. Haber to withdraw from the employment within the period of ten years, was not merely that Dr. Haber should not become a competitor of Dr. Blanchard, but, virtually, that Dr. Haber should go out of business as a dentist anywhere in the city of New Orleans; because the area within five blocks each way along Canal street, from No. 936 Canal street, and five blocks each way from Canal street, embraced nearly all of the business area of. the city, and took in all of the office buildings suitable for dentists or other professional men.
 

 It is well settled that an instrument purporting to represent a continuing contract which only one of the parties is bound to carry out, for which he has received no price or consideration, and for which the other party has incurred no obligation, is not a valid contract'. Campbell v. Lambert, 36 La. Ann. 35, 51 Am. Rep. 1; Murray v. Barnhart, 117 La. 1023, 42 So. 489; Blackshear v. Hood, 120 La. 966, 45 So. 957; Caddo Oil & Mining Co. v. Producers’ Oil Co., 134 La. 711, 64 So. 684; Nelson v. Barber, 143 La. 783, 79 So. 405; Kennon v. Brooks-Scanlon Co., 148 La. 120, 86 So. 675; Heeb v. Codifer & Bonnabel, 162 La. 139, 110 So. 178.
 

 Under the civil law, as at common law, it is not necessary that the consideration received or to be received for incurring an obligation shall be an equivalent consideration. The question of adequacy of the consideration is a matter for the parties themselves to determine. But, while at common law any lawful consideration for a contract is deemed sufficient, the civil law requires that the consideration must be serious and not altogether out of proportion to the obligation. Article 2464 of the Civil Code so provides, specifically, for the contract of sale; and in Murray v. Barnhart, 117 La. 1030, 42 So. 489, it was held that the doctrine of the civil law in that respect, being as old as the civil law itself, was applicable, not only to contracts of sale, but to all other contracts.
 

 It is argued on behalf of the appellee that the consideration expressed in this contract —the salary to be paid; the association with the great number of patients and the knowledge to be gained in a modern dental establishment — was a serious consideration, and was not out of proportion to the obligation imposed upon Dr. Haber. As a matter of fact, the salary of $60 per week was the consideration for which Dr. Haber gave his services, and the best evidence that it was nothing more than a fair consideration for his services is the fact that the salary was increased one-third — that is, to $80 a week— nine months after the contract was signed. The association with the patients coming
 
 *1019
 
 under' Dr. Haber’s care, and the knowledge to be gained, were unavoidable incidents of the employment.' It is true that Dr. Blanchard could not abrogate the contract, and impose the penalty upon Dr. Haber, without giving him thirty days’ notice and paying him the salary during the thirty days; but the compensation for that obligation on the part of Dr. Blanchard was the service to be rendered by Dr. Haber during the thirty days.
 

 It is conceded in appellee’s brief that, if the provisions of the Civil Code on this subject went no further than to declare what is declared in articles 2024 and 2034, the appellant would be justified in his contention that the obligation attempted to be imposed upon him under the last paragraph of this contract is null for being “contracted on a potestative condition,” as the Code says. But appellee’s counsel invoke, in support of the contract, article 2035, which provides;
 

 “The last preceding article [2034] is limited to potestative conditions, which make the obligation depend solely on the exercise of the obligor’s will; but if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void.” '
 

 That article was not taken from the French Oode, and its meaning is not quite plain, or easy to reconcile with articles 2024 and 2034. It has been decided, however, that article 2035 means simply this, that, where a conditional obligation to pay a certain price depends upon how the obligor may exercise an option to do or not to do a certain thing, the contract is not null if a serious consideration has been given or reciprocal obligations are incurred. See Blanks v. Lephiew, 132 La. 545, 61 So. 615, referring to an obligation to pay a stipulated price per thousand feet of timber, which the obligor had the right either to cut and remove or not to cut and remove, within a given time; and Saunders v. Busch-Everett Co., 138 La. 1049, 71 So. 153, referring to an obligation to pay a stipulated rental or royalty for the privilege of drilling for oil or other minerals within a given time.
 

 It is contended finally, on behalf of the appellee, that, if the contract was originally null for being dependent upon a potestative condition, it became valid when it was partly executed. The answer is that nothing was ever done in consideration or in execution of that part of the contract which was null. The only obligations of the contract that were partly executed were those which related to the contract of employment — that is to say, the obligation of Dr. Haber to perform the services and the obligation of Dr. Blanchard to pay for the services — which obligations were mutually compensated, as far as they were performed.
 

 The judgment appealed from is annulled, the writ of injunction is dissolved, the exception of no cause or right of action is sustained, and the plaintiff’s suit is dismissed and his demand rejected at his cost.