(120 So. 59)

No. 29179.

## STANDARD OIL CO. OF LOUISIANA v. MILHOLLAND.

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

Lemle, Moreno & Lemle, of New Orleans, for appellant.

Borah, Himel, Bloch & Borah, of Franklin, for appellee.

ST. PAUL, J. On November 4, 1922, plaintiff leased from defendant a certain lot of ground in the town of Franklin for a period of five years, beginning November 1, 1922, and ending October 31, 1927, with privilege to the lessee to purchase the property at any time during the life of the lease for $3,500 cash.

On October 8, 1927, plaintiff notified defendant that it intended to exercise the privilege thus granted, and would notify her when it was ready to pass the act of sale.

No further steps were taken until November 16, 1927, when defendant notified plaintiff that it was ready to take title to the property and pay the price.

The defendant thereupon declined to execute a deed to the property or receive the price; and this is a suit to compel her to do so.

Her defense is that the deed should have called for and the price paid or tendered during the life of the lease, i. e. on or before October, 1927, and not afterwards, and that she was no longer bound after that date.

I

■ We think the defense is well founded. The privilege given the lessee to purchase the property during the life of the lease

was not a mere pollicitation, or offer to sell, binding on defendant only when and if accepted by the lessee. On the contrary, from the moment of the execution of the lease there was a binding and absolute obligation, supported by sufficient consideration, on the part of defendant to sell the property to plaintiff at any time during the life of the lease, even though plaintiff was itself not obligated to buy. Murphy v. Hussey, 117 La. 390, 41 So. 692; Succession of Witting, 121 La. 501, 46 So. 606, 15 Ann. Cas. 379; Kinberger v. Drouet, 149 La. 986, 90 So. 367.

But the obligation on the part of defendant to sell the property extended not beyond the life of the lease, and was manifestly dependent on the payment or tender of the price to her during the time when she herself was obligated to sell.

Otherwise the condition would be this, that defendant would continue bound to sell, even after the expiration of the lease, although she had neither received the price nor had it tendered to her, but had received instead thereof only plaintiff's promise to buy. In other words, although defendant had clearly bargained for, and should have received, the price agreed upon before the expiration of the lease, if plaintiff chose to buy, nevertheless she would, at the expiration of the lease, have only a cause of action against plaintiff to compel it to accept the title and pay the price. Upon which cause of action she might or might not have been able to recover, and after delays more or less extended, and all dependent upon circumstances too numerous to mention; for instance, the validity of her title might be questioned and have to be passed upon, or the plaintiff might be unable to pay the price, should it be condemned to take the property. For though it may seem absurd to suppose that this particular plaintiff might be unable to pay the paltry sum of $3,500, yet it must be remembered that similar privileges are granted to other tenants who may not be so well situated financially as this plaintiff; but the law must be the same in either case.

Our conclusion is that the privilege granted to a tenant to purchase the leased premises during the life of the lease contemplates a purchase completed before the expiration of the lease, and not a purchase merely begun but not consummated before that time, as also a price paid (or tendered) within the term of the lease, not a mere obligation assumed by the lessee to pay the price at some (even reasonable) time thereafter.

An offer to sell you my property, if you accept my offer on or before a given date, means one thing, and contemplates a reasonable delay after your acceptance to complete the sale, unless otherwise specially agreed. But an agreement to sell you my property for a certain price, if you purchase it on or before a given date, means quite another thing, and does not contemplate that you should extend my obligation to sell beyond the delay fixed by coming to me within that time with a mere agreement on your part to buy. In both these cases, time is of the essence of the contract, because we have clearly made it so; but in the former case the element of time bears only upon the acceptance of the offer tendered and not upon the performance of the contract; whilst in the latter case the element of time bears upon the very performance of the contract and not upon any acceptance thereof other than by performance.

We think the contract in this case is clearly within the latter category and not within the former.

## II

Plaintiff prays, in the alternative, that, "if this Honorable Court should hold that the contract involved contemplated that the act of sale should be passed prior to October 31st, 1927, then and in that event, this Court, at its discretion, may allow petitioner additional time in which to perform, and under the circumstances here presented, should give

petitioner a reasonable time after rendition of judgment within which to perform."

We have no discretion under the circumstances of this case to grant plaintiff any additional time. Under the lease plaintiff was not bound to purchase the property, but merely had the privilege of doing so on or before October 31, 1927.

In Southport Mill v. Ansley, 160 La. 131, 106 So. 720, we had occasion to review all the articles of our Civil Code relative to the right of courts, in their discretion, to grant or refuse to parties a delay in which to perform certain contracts, and thereby avoid the dissolution of such contracts for nonperformance, to wit, articles R. C. C. 2046, 2047, 2561, 2562, 2563, 2729.

But those provisions relate exclusively to delays to be given a party in default as to something for which he had actually obligated himself, and merely in order to avoid the *dissolution* of some contract by reason of such default on his part. But in the case before us there is no question of any default on the part of plaintiff. Plaintiff was not bound to purchase the property involved and of course could not be in default for not having done so. It merely had the privilege of buying the property, if it did so before the expiration of the lease; and we know of no law which permits a court to allow a party any additional delay in which to exercise a privilege which he was not bound to take advantage of, but which was granted to him only for a certain time. The cases provided for in the codal articles above mentioned are all cases in which rights actually acquired may (by the grace of the court) be preserved from forfeiture by some, perhaps unfortunate, default. But in the case before us, to grant plaintiff a delay, beyond the expiration of the lease in which to purchase the property, would not be to preserve for plaintiff any right which it already had, but to grant it a new and additional right, to wit, the right to purchase the property *after* the expiration of the lease.

#### Decree.

The judgment appealed from is therefore affirmed.

O'NIELL, C. J., concurs in the decree.

#### On Rehearing.

PER CURIAM. Rehearing denied.

O'NIELL, C. J., dissents from refusal to grant a rehearing.