## CALI v. NATIONAL LINEN SERVICE CORPORATION.

Circuit Court of Appeals, Fifth Circuit.
February 5, 1930.

No. 5765.

Robert B. Todd, of New Orleans, La. (Finnorn, Flanagan & Todd, of New Orleans, La., on the brief), for appellant.

Louis L. Rosen, of New Orleans, La. (Dufour, Rosen & Kammer, of New Orleans, La., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Appellee is in the business of furnishing linen supplies, such as towels, aprons, etc., to customers within the city of New Orleans, and employed appellant for a period of one year, by a written contract, dated October 1, 1928, as a route foreman, at a salary of $30 per week. The contract contained the condition that either party could terminate it upon one week's notice and the further stipulation that appellant at no time during the term of his employment, or for a period of one year immediately following its termination, would for himself or on behalf of any other person solicit or take away any customers of appellant, or call for or deliver towels, or solicit business or patronage of any person whatsoever within the territory of the parish of Orleans, state of Louisiana.

Appellee filed a bill alleging that appellant had terminated his employment voluntarily on March 29, 1929, and had solicited business from customers and other individuals within the parish of Orleans for another establishment, in violation of the terms of the contract.

After a hearing, at which the only allegation denied was that appellant had voluntarily quit his employment, a preliminary injunction issued restraining appellant from doing any of the acts stipulated against in the contract. From that judgment this appeal is prosecuted.

It is conceded by appellant that the contract in suit is not in violation of public policy, but it is contended that it is void under the provisions of articles 2024 and 2034, Civil Code of Louisiana, as containing a potestative condition. In support of this reliance is had on the case of Blanchard v. Haber, 166 La. 1014, 118 So. 117.

The potestative condition is a civil law term, entirely arbitrary in its meaning, and is defined by article 2024 of the Civil Code as follows: "The Potestative Condition is that which makes the execution of the agreement depend on an event which it is in the power of the one or the other of the contracting parties to bring about or to hinder."

Article 2034 of the Code declares every obligation is null that is contracted under the potestative condition, but article 2035, with which the other articles referred to must be construed, provides that, " * * * if the condition be, that the obligor shall do or not do a certain act, although the doing or not doing of the act depends on the will of the obligor, yet the obligation depending on such condition, is not void."

It is a well-settled rule of construction in Louisiana that the definitions of the Code are to be disregarded in favor of positive enactments. Ellis v. Prevost, 13 La. 230.

In the construction of articles 2024, 2034, and 2035 of the Civil Code, the Supreme Court has clearly announced the rule that, if the potestative agreement is supported by a serious consideration, the contract is not void. For example, an agreement by a lessee to drill an oil well, which may be postponed indefinitely by the payment of $4 quarterly, with the option in the lessee to abandon the lease on the payment of $2, is held to be potestative as not based on a serious consideration, while practically the same agreement, but based on a consideration of $100, was held to be not potestative and valid. Murray v. Barnhart, 117 La. 1023, 42 So. 489, and authorities therein cited; Anse La Butte Oil & Min. Co. v. Babb, 122 La. 415, 47 So. 754; Girault v. Feucht, 117 La. 275, 41 So. 572.

The term "serious consideration" is also a civil law term, and does not necessarily mean adequate consideration, but it may not be a mere nominal consideration, such as $1, and should be such an amount as the parties seriously intended to be compensation for the doing, or refraining from doing, of any particular act. It is taken from article 2464 of the Civil Code, which relates only to sales, and is applied by analogy to all contracts. Spanier v. De Voe, 52 La. Ann. 581, 27 So. 174; Murray v. Barnhart, 117 La. 1023–

1030, 42 So. 489; Blanchard v. Haber, 166 La. 1014, 118 So. 117.

It is not necessary in Louisiana, any more than it is elsewhere, that there should be a specific consideration expressed in a contract in order to support an incidental stipulation. Murphy v. Hussey, 117 La. 390, 41 So. 692; Succession of Witting, 121 La. 501, 46 So. 606, 15 Ann. Cas. 379; Verges v. Forshee, 9 La. Ann. 294.

The general rule with regard to a contract in partial restraint of trade, such as that in suit, is that to be valid it must be reasonable, supported by consideration, and the restraint imposed must not be larger than is required for the necessary protection of the party with whom the contract is made. Oregon Steam Navigation Co. v. Winsor, 20 Wall. 64, 22 L. Ed. 315.

In Blanchard v. Haber, supra, it appears that a dentist was employed at a salary of $60 per week, the contract to be terminable on 30 days' notice, by either party, with the further provision that, in the event of the termination of the contract, the employee was not to engage in the practice of dentistry for a period of ten years within five blocks of his employer's office. The facts are analogous to those in the case at bar, but it is quite clear from the opinion that the court reached the conclusion that the condition that Dr. Haber could not practise in the designated area for ten years was potestative only, because not supported by a serious consideration.

It is apparent that an agreement to refrain from doing business of the same nature on the termination of a contract of employment, although terminable at the will of the employer, is not void because of the potestative condition, if the consideration moving to the employee is serious. In other words, the civil law applies the doctrine of mutuality to contracts to the same extent as does the common law.

There is nothing in the case of Blanchard v. Haber, supra, compelling a reversal in this case. Doubtless, had the salary paid Haber been considered adequate and the restriction reasonable, the decision would have been different.

Each case must depend on its own facts. In the case at bar, we think the restriction was reasonable and the consideration arising from the contract of employment was sufficient.

Affirmed.