## W. T. RAWLEIGH CO. v. TOMS et al.
### No. 4720.

Court of Appeal of Louisiana. Second Circuit.
March 29, 1934.

R. L. Williams, of Arcadia, for appellant.
Goff & Goff, of Arcadia, for appellees.

MILLS, Judge.

Plaintiff is engaged in the business of selling to individuals who peddle from house to house in their vicinage a full line of household medicines, toilet articles, condiments, novelties, etc. Defendant M. W. Toms from 1927 to 1930 had entered into a yearly contract for the purchase and resale of these goods in the parish of Lincoln. On January 15, 1930, he, with Homer A. Toms, E. H. Toms, and Richard Wafer as sureties, again contracted for that year. In the meantime the principal obligor had moved to Bienville. For this reason, and because he was behind in his account for the previous year to the amount of $612.85, plaintiff became convinced that he could not make a success of the sale of its products in Lincoln parish. Accordingly, on February 3, 1930, he having ordered and they having sold him nothing for that year, plaintiff wrote expressing its dissatisfaction and stating: "If you intend to order products and go ahead with your business you had better send a payment large enough to cover the products you need otherwise we will not likely be able to ship them at the expense of your present account."

We think Toms correctly construed this as a refusal to extend him further credit, so, being without cash, he ordered no goods; whereupon plaintiff brought this action against him and his sureties on the 1930 contract in solido for the old account.

The validity of the account, as to him, not being questioned, the lower court gave judgment as prayed for against the principal obligor, but rejected plaintiff's demand against the sureties. Plaintiff is appealing from the latter part of the judgment.

A careful reading of the contract discloses that it contemplates sales "for cash or on time."

The surety agreement reads: "For and in consideration of the sum of One Dollar in hand paid, the receipt of which is hereby expressly acknowledged, or in consideration of the above named seller extending further credit to the said Buyer, we, the undersigned, do hereby jointly and severally enter ourselves as sureties, and unconditionally promise, guarantee and agree to pay said Seller for any and all goods, wares and merchandise sold said Buyer under the above and foregoing contract, hereby expressly consenting and agreeing to all terms, conditions, and provisions thereof; and we also specifically promise and agree to assume and pay any and all prior indebtedness that may be due and owing said Seller on the date of the acceptance of this contract, as shown by Seller's books, for any and all goods, wares and merchandise previously sold said Buyer under and by virtue of any and all prior Contracts or agreements."

■ It will be seen that this agreement expressly covers the amount sued for. But a contract to be valid and binding must have a consideration, and this consideration must be serious. Article 2464 of the Civil Code thus provides that:

"It ought to be serious, that is to say, there should have been a serious and true agreement that it should be paid.

"It ought not to be out of all proportion with the value of the thing; for instance the sale of a plantation for a dollar could not be considered as a fair sale; it would be considered as a donation disguised."

■ In this respect the civil law differs from the common, which permits of a merely nominal consideration. Murray v. Barnhart, 117 La. 1023, 42 So. 489; Blanchard v. Haber, 166 La. 1014, 118 So. 117.

■■ Not only was the $1 no consideration, but the unopposed testimony shows that it was never paid. The obligation of the sureties then must depend upon the alternative and only other consideration expressed in the agreement: " * * * Or in consideration of the above named Seller extending further credit to the said Buyer. * * *"

No further credit was extended. It was

expressly refused. Therefore, the consideration for its execution having completely failed, the sureties cannot be held under the contract.

It would be manifestly unjust for plaintiff to secure the obligation of the sureties to pay the past debts on a promise of further credit and then refuse the credit but seek to hold them for the old indebtedness.

Finding the judgment of the lower court to be correct, it is affirmed.