McCALEB, Justice
(dissenting in part).
While I fully subscribe to all other views of the main opinion, I am not in accord with the ruling that, in applying the doctrine of lesion beyond moiety to an option contract, the date upon which the option is exercised governs instead of the date upon which the contract was made.
Article 2590 of the Civil Code, relied on by the majority, declares that, in ascertaining whether there is lesion, the property must be estimated “according to the state in which it was, and the value which it had at the time of the sale”. This, of course, is perfectly clear when applied in cases of ordinary sales. But it is to be borne in mind that, at the time of the adoption of our Code and, in fact, until the passage of Act 249 of 1910, amending Article 2462 of the Code, an option contract was foreign to our law. See Moresi v. Burleigh, 170 La. 270, 127 So. 624. And, *533 while such contracts were not unknown to the courts, an examination of the jurisprudence will reveal that common law rules were employed in determining their validity. See Murphy v. Hussey, 117 La. 390, 41 So. 692 and Succession of Witting, 121 La. 501, 46 So. 606, 15 Ann.Cas. 379.
The pertinent portion of Article 2462, as amended by Act 249 of 1910 and Act 27 of 1920, declares: “One may purchase the right, or option to accept or reject, within a stipulated time, an offer or promise to sell, after the purchase of such option, for any consideration therein stipulated, such offer, or promise can not he withdrawn before the time agreed upon; and should it be accepted within the time stipulated, the contract or agreement to sell, evidenced by such promise and acceptance, may be specifically enforced by either party.”
It will be observed from the foregoing that, whereas an option is not converted into a contract of sale until it has been accepted, it is fully complete and binding as to the vendor from and after the date on which it is given; it is an irrevocable agreement by him to sell at the stipulated price during its life. Hence, it is different from a mere pollicitation or offer to sell which is binding on the vendor only when and if accepted by the grantee. Standard Oil Co. of Louisiana v. Milholland, 167 La. 707, 120 So. 59.
In view of the fact that options were-unknown to our law at the time the Civil’ Code was adopted, it seems plain that Article 2590, in providing that the time of the sale governs in determining whether there has been lesion, is either inapplicable to option contracts or, if applied, is subject to interpretation. Adopting the latter method, in an effort to fit Article 2462 into the scheme of civil law, requires consideration of the fundamental reason for the doctrine of lesion. Lesion is based on implied error or imposition by-virtue of the inadequacy of the price. Hence, when Article 2590 states that it is to be estimated according to the value which the thing had at the time of the sale, it means nothing more than that the law will be applied for the protection of’ the vendor as of the date or time he made his bargain. This view is in conformity with Article 1871 of the Civil Code which declares that in all questions of lesion “the value of that which was the subject of the contract at the time of making it, is the rule by which the lesion is to be ascertained”. Article 1871 is, of course, to-be read and considered with Article 2590 as they are laws in pari materia.
By applying Article 1871 to the case atr bar, it will be immediately perceived that the date on which defendants granted the-lease containing the option to sell their-property for $11,100 is the date they made their irrevocable contract, i. e., the date o£ *537 their bargain and, in ascertaining whether there has been imposition or lesion, the value of the property at that time is the only pertinent inquiry.
It is true that the opposite conclusion of the majority is fully sustained by the opinion in Ronaldson & Puckett Co. v. Bynum, 122 La. 687, 48 So. 152. That case was decided in 1908, prior to the passage of the amendment to Article 2462 relative to option contracts, and is founded upon a literal application of the provisions of Article 2590 of the Code, i. e., that the date of the sale is the date to be used in ascertaining the question of lesion.
Aside from the failure of the court in the Ronaldson case to advert to Article 1871 of the Code, the opinion discloses a lack of understanding of the difference between an option and a pollicitation and indiscriminately treats them as one and the same thing. Consequently, the court did not give thought to the fact that, in the granting of an option, the prospective vendor makes his bargain and, insofar as he is concerned, all elements of a contract of sale are present, i. e., the thing, the price and consent.
For these reasons, I do not believe that the decision in the Ronaldson case should be perpetuated and I respectfully dissent from the majority view that the question of lesion is to be reckoned as of the date the option is exercised.