TATE, Judge.
The plaintiff Thibodeaux prayed for and obtained a permanent injunction restraining the defendant Zigler from alienating or removing a building located on certain land previously conveyed by Zigler to Thi-bodeaux. The defendant’s appeal is based upon his contention that the house in controversy was excepted from the sale.
On May 7, 1959, by authentic deed the plaintiff purchased from defendant Zigler a 3.67-acre tract of land. The deed included the customary clause that the land was sold “together with all the buildings, improvement, appurtenances and privileges thereon and thereto belonging, or in anywise appertaining”. On the same day, a counter letter addressed to the defendant was also signed by the plaintiff, stating as follows:
“Dear Mr. Zigler:
“Reference is made to the sale this date of certain property to me.
“You are hereby authorized and permitted to remove that certain frame dwelling located on such property within sixty (60) days from date hereof.”
This suit was filed in January of 1960, eight months after the execution of the deed and the counter letter.
By parol evidence, to which timely objection was made, the defendant attempted to show that the counter letter was intended to except the house in question from the sale. The plaintiff denied this testimony, stating that at the time he had purchased the property the house was of no value to him and that, then wishing its removal by Mr. Zigler or anyone else, by the counter letter he had merely given the defendant Zigler the right to remove the house within sixty days. He further stated that, some time after expiration of the sixty days but almost two months before this suit was filed, he had given the defendant Zigler an additional ten days within which to remove the house, despite which no action had been taken until immediately prior to this suit, when the defendant had indicated his in- _ tention to remove the building.
Parol evidence was not admissible to contradict or vary the unambiguous terms of the deed and counter letter (LSA-C.C. Arts. 2275, 2276; Zemurray v. Boe, 235 La. 623, 105 So.2d 243), by which all buildings on the property were sold to the plaintiff, with the right granted to the defendant vendor to remove the frame dwelling in question within sixty days from May 7, 1959. (Even if the deed and counter letter be considered ambiguous, we doubt that a seller’s uncorroborated testimony, denied by the purchaser’s, is sufficient proof to amplify in the seller’s favor the terms of ambiguous documents. See LSA-C.C. Art. 2474: “The seller is bound to explain himself clearly respecting the extent of his obligations. Any obscure or ambiguous clause is construed against him.”)
By the counter letter the defendant obtained the right to remove the building within sixty days, but he had no obligation to do so. As our Supreme Court stated in Standard Oil Co. of Louisiana v. Milholland, 167 La. 707, 120 So. 59, 60 (where the court held that an option granted to the lessor to purchase the leased property during the term of the lease had automatically expired when no tender to perform within the term was made), “we know of no law which permits a court to allow a party any additional delay in which to exercise a privilege which he was not bound to take advantage of, but which was granted to him only for a certain time”.
We think that our learned trial brother correctly held that the defendant has no interest in the building and has lost his right to remove it by his failure to exercise timely such right as he had by the terms of the counter letter. Accordingly, the judgment enjoining the defendant from alienating or removing the building is
Affirmed.