TATE, Judge.
This is a suit by the purchaser of property against his vendor seeking to be declared the owner of a house allegedly included in the sale from the defendant to the plaintiff. The plaintiff appeals from judgment dismissing his suit.
In this court the appellee has filed a motion to dismiss the appeal as tardily filed. Although the record was filed here timely in accordance with an order by the court of appeal extending the original return date, the appellee suggests that the court of appeal lacked jurisdiction to extend the return day since, on the day it granted the extension, the appellant had not yet filed an appeal bond divesting the trial court of jurisdiction.[1] It is not shown, however, that the lodging of the transcript subsequent to the original return day resulted from any fault on the part of the appellant, and the motion to dismiss the appeal will therefore be denied. Thibodeaux v. Pacific Mut. Life Ins. Co., La.App. 1 Cir., 95 So.2d 183. Cf. Art. 2127, Code of Civil Procedure (1960); LSA-R.S. 13:4438.
In 1949 the defendant sold to the plaintiff the western 100 feet of a 150-foot front lot the defendant owned. A survey made about four years after the sale showed that one of the two houses on the original lot was entirely situated on the portion sold to the *463 plaintiff and that the other house was partially on the unsold portion of the lot. The defendant concedes that the sale of the lot was intended to include the first house hut denies that it was intended to convey also the tenant house situated upon the boundary line of the tract sold.
The plaintiff brought this suit to be declared the owner of the latter house; and he further seeks a monied judgment for any rent collected by the defendant from the house tenant after the sale, as well as for his attorney’s fees incurred in defending an earlier possessory action filed against him by the defendant.
Parol evidence was admitted without objection, and it was conceded at the oral argument in this court that the trial court properly considered such evidence to determine whether by the terms of the ambiguous deed in question the sale was intended to include the tenant house. The District Court, resolving a conflict in credibility, found that by the deed the vendor did not intend to sell nor the purchaser to buy the tenant house in question. We find no manifest error in this factual finding of the trial court.
In this connection, we note that after the 1949 sale the plaintiff moved into the house that it is conceded he had purchased. During the year following the sale, he completed paying the defendant the $1,200 credit balance owed for the sale without making any claim whatsoever for the rent of $30-35 being collected by the defendant from the tenant residing in the neighboring house which is the subject of this suit, nor for at least three years more did the plaintiff claim any right to this rent being paid by his neighbor to the defendant. Such a circumstance is certainly corroborative of the defendant’s testimony that the tenant house was not intended to be included in the sale.
Counsel for plaintiff relies upon the cases of Thibodeaux v. Zigler, La.App., 121 So.2d 296 and Boyle v. Swanson, 6 La.Ann. 263. These cases are not apposite to the present litigation, which concerns primarily a factual determination of the intention of the parties to the present deed.
As to the plaintiff’s demand for damages by way of attorney’s fees for defending a possessory action previously filed by the defendant, no authority is cited permitting such an award. Of course, attorney’s fees are not ordinarily allowable as damages. Hernandez v. Harson, 237 La. 389, 111 So.2d 320; Breaux v. Simon, 235 La. 453, 104 So.2d 168; Loeblich v. Garnier, La.App. 1 Cir., 113 So.2d 95. And, as these cases indicate, in the absence of statute or contract, attorney’s fees may not be awarded for the successful prosecution or defense of a possessory action.
For the above reasons the decision of the District Court is
Affirmed.

. The extension was granted prior to the effective date of Act 38 of 1960, amending LSA-R.S. 13:4438; which provides that the trial court retains jurisdiction for purposes of extending the return days of appeals. See also Article 2125, Code of Civil Procedure (1960).