MARCUS, Justice
(dissenting).
Legal agreements having the effects of law upon the parties, none but the parties *1330 can abrogate or modify them. La.Civ.Code art. 1945. This court is bound to give legal effect to all such contracts according to the true intent of all the parties; the intent is to be determined by the words of the contracts, when these are clear and explicit and lead to no absurd consequences. Id. Under the clear and explicit terms of the “rent contract” entered into between Mills and Adams, Mills, as owner, agreed to sell the leased premises to Adams on November 1, 1976, for $450.00 per acre, a total of $72,-000.00 cash. The contract provided that, if Adams failed to purchase the property on November 1, 1976, the agreement to sell would be void and cancelled.
It is undisputed that Adams failed to tender the purchase price on November 1, 1976. However, the majority opinion holds that expressions of an intent to exercise the option made by Adams prior to November 1, 1976, satisfies Adams’ contractual obligation to tender the purchase price on November 1, 1976. Nothing in the contract before us indicates that a mere expression of intent to exercise the option was considered by the parties as compliance with the buyer’s obligation to tender the purchase price on November 1, 1976. Hence, the effect of the majority opinion is to abrogate or modify a clear and explicit contractual provision.
One of the obligations of the buyer is to pay the price of sale. La.Civ.Code art. 2549. The price ought to be paid on the day and at the place mentioned in the sale. La.Civ.Code art. 2550. The contractual provision before us clearly provides that Adams was obligated to tender the price of sale on November 1, 1976, in order to hold Mills to his obligation to sell the leased premises. See Standard Oil Co. v. Milhol-land, 167 La. 707, 120 So. 59 (1929). In the absence of buyer’s tender of purchase price, Mills was not legally put in default. See La.Civ.Code art. 1918.
Accordingly, I respectfully dissent.