M'DONOUGH           It is, therefore, ordered, adjudged and decreed, that the
*vs.*
CHILDRESS ET AL. judgment of the District Court be avoided and reversed, and
that there be judgment as in a case of non-suit ; the plain-
tiffs and appellees paying costs in both courts.

---

### M'DONOUGH *vs.* CHILDRESS ET AL.

APPEAL FROM THE COURT OF THE THIRD DISTRICT, FOR THE PARISH OF
EAST BATON ROUGE, JUDGE JONES, OF THE EIGHTH DISTRICT, PRESIDING.

In a possessory action, in order to bring the case within the doctrine
recognized in the decision of *Ellis* vs. *Prevost,* 13 *Louisiana Reports,*
230, the plaintiff must show not only acts of limited and restricted
possession, but also to indicate, by legal evidence, the extent and full
limits of the property of which he claims the possession.

Where the plaintiff, in a possessory action, fails to show that he possessed
actually, to a certain extent and limits, the tract of land he claims,
he cannot recover.

It is insufficient, for one who alleges his possession to extend to a large tract
of land with well defined limits and boundaries, to prove only acts of
possession to a small part or fraction of it.

This is in the nature of a possessory action. The plaintiff
alleges that he is the owner, and has been in peaceable pos-
session for many years, of a tract of land fronting on the
Mississippi, having regular and defined boundaries, and that
the defendants have lately and within a year, entered on said
land, digging the soil and cutting timber, and committing
depredations thereon. He prays that they be restrained, by
injunction, from committing further waste ; and that he have
judgment quieting him in the possession of the land, and
for one thousand dollars in damages.

The defendant, Childress, claimed the tract of land in contest, and averred that, as owner, he had been in the peaceable and actual possession, and is still in the actual possession by his tenant ; but, that he has been disturbed in the enjoyment and occupancy of his land by the plaintiff's suit ; that the injunction has been wrongfully sued out, in consequence of which he has sustained losses and damage. He denies that the plaintiff, previous to his alleged and pretended disturbance, was the real or actual possessor of said land, or for more than two years before. He prays that he be maintained in his possession ; that the injunction be dissolved, with damages ; and that he be decreed to recover five thousand dollars in damages.

Blount, the tenant, answered separately, and maintained the actual and continued possession of Childress.

Upon these pleadings and issues, the parties went to trial.

The plaintiff showed that he was in possession of the premises in 1827-8, and repaired and kept up the levee, which had broke in 1828. The neighbors testified that he had several negroes there then. After the road and levee were repaired, the plaintiff built a small cabin, and left an old negro man and woman in charge. They remained on the place as late as 1835; but it was more than twenty years since any white person had resided there. The two slaves cultivated a small piece of ground round the cabin, and made some ditches. One of the witnesses states that, by permission of the plaintiff, in 1833, he cut about fifteen hundred cords of wood on this land. The witnesses all stated there had been no one in possession since 1835, until the defendant, by his tenant, Blount, took possession. The plaintiff showed that he had persons living near it, employed as agents to look after the place. The present suit was instituted in October, 1836.

On the trial, the plaintiff's counsel requested the court to charge the jury, that *articles* 3405-6 and 7, of the *Louisiana Code*, contained an important part of the law by which the jury must be governed ; and that the plaintiff, under these articles, was entitled to a verdict if they were satisfied that

he had once had the actual possession, and had done no act which manifested an intention to abandon possession.

2. If the plaintiff had an agent, charged with the care and superintendence of the premises, living near it, and the defendants were warned by this agent not to take possession, then the actual possession of the plaintiff, up to the time the defendants took possession, the verdict should be for him.

3. That possession, by a slave of the plaintiff, was sufficient to retain his actual possession. The judge declined to charge, as requested, and a bill of exceptions was taken. There was a verdict and judgment for the defendants, and the plaintiff appealed.

*R. N.* and *A. N. Ogden,* for the plaintiff.

*Strawbridge,* on the same side.

*Preston* and *Penn,* for the defendants, maintained that:

1. The plaintiff cannot maintain his possessory action, because no white person lived on the land for twenty years before the institution of the suit.

2. He kept two negroes there, without a free manager. This was a violation of our penal laws, and cannot give him the rights of a possessor. If it did, it would give him the right of possession only to a negro hut, worth at most ten dollars, and to a negro's *patch,* but not to about twelve hundred superficial arpents of land on the Mississippi, adjoining Baton Rouge. 1 *Moreau's Digest, page* —.

3. The last negro was removed from the place in August, 1835; this suit was commenced more than a year afterwards, on the 12th of October, 1836.

4. The possessory action cannot, therefore, be maintained; because the plaintiff had not the real and *actual* possession of the property, for more than a year before the institution of the suit.

5. The *Louisiana Code, article* 3389, gives the general definition of possession. The next article, 3390, divides it into two species, natural and civil. The next two articles, 3391

and 3392, give clear and distinct definitions of these two species of possession; and the two following articles, 3393 and 3394, present again the same clear distinction, which is so obvious in itself, and expressed in such plain language, that every mind at once comprehends it.

6. The Code of Practice, following up this clear distinction, *gives* the possessory action to the one species of possession, and *denies* it to the other. *Article* 49. The reason is obvious; it is given to redress a *physical* injury, and to prevent the violence which would otherwise take place; whereas, a disturbance of *mere* legal possession does not produce danger of violence, nor require so prompt an action to redress it. The obvious remedy in the latter case, is the investigation of the legal rights of the parties, and the settlement of their whole dispute in a *single*, instead of *two* suits.

Such, at all events, are the dictates of our code; and whether wise or foolish, it is the sacred duty of the court to enforce them. And, keeping the above clear distinctions in view, while reading the whole reasoning of the court in the case of *Ellis* vs. *Prevost and others,* your honors will see the palpable fallacy of that reasoning, and that this court erred in coming to the conclusion to give the possessory action to a *mere civil or legal* possession, when *the law* contained in the 49th article of the Code of Practice, expressly denied it.

7. The article 3406, of the Civil Code, was strenuously insisted on in argument, as destroying the distinction between natural and civil possession, on the ground that the possession mentioned in it was clearly a natural possession; while the mere reading, article 3392, shows that it is the identical possession defined in that article as a civil possession, and not the natural possession defined in the preceding article.

Nothing can mar the harmony, the beauty and excellence, of our codes on this subject, but misapprehension; and I pray your honors not finally to nullify the 49th article of our Code of Practice, and throw the actual possessor of our soil open to eviction, not on proof of title, but of long since for-

gotten acts of possession, or the exhibition of the mere paper possession described in article 2455 of the Civil Code.

*Simon, J.,* delivered the opinion of the court.

Plaintiff sues to recover the possession of a certain tract of land situated in the parish of East Baton Rouge, which he describes in his petition to contain about fourteen arpents in front, by the depth of eighty, bounded on one side by Duplantier, and on the other by Beauregard. He states that he has been in the peaceable possession of said tract for many years, and that the defendants have lately disturbed him in his said possession. Defendants joined issue by alleging an adverse possession for more than one year. The case was submitted to a jury who found a verdict in favor of the defendants, and after an unsuccessful attempt to obtain a new trial, the plaintiff took the present appeal.

The facts established by the evidence show that the plaintiff, several years ago, took possession of the land in dispute, by repairing the roads and levees that existed upon it, and left there two slaves in charge of one of the witnesses; that a small house was built on the land in 1829 or 1830, in which the slaves lived; that they cultivated a small garden and cornfield, and were yet on the land in 1835. It is further shown, that in 1835, one of the slaves died, and the other became so sick that it became necessary to remove him to New-Orleans; since then, no one has been in the possession of any part of the land for the plaintiff, and at no time for twenty years, has any white person been living upon it.

With this unsatisfactory evidence before us, the plaintiff contends that having originally had the corporeal possession of the land for more than one year, a subsequent civil possession is sufficient to entitle him to recover, and he relies particularly on the case of *Ellis* vs. *Prevost,* 13 *Louisiana Reports,* 230: we are not ready to say that the plaintiff has made out such a case as to come under the application of the doctrine recognized in that decision. It was undoubtedly necessary for him to show not only acts of limited and restricted possession, but also to indicate by legal evidence the

extent and full limits of the property of which he claims the restitution. In his petition, he sues for the possession of a tract of land by certain metes and bounds which he describes, and no evidence of any kind has been offered to establish the origin of his possession by virtue of any right or title to any definite quantity; the proof by him furnished does not even go so far as to ascertain what specific portion of the land was enclosed and cultivated by his slaves, and unless we take for granted the allegations contained in the petition, the plaintiff has entirely failed in one of the requisites of the law to institute and maintain a possessory action, to wit: that he possessed *as owner*, to certain extent and limits, the tract which he seeks to recover the possession of. *Code of Practice, article* 47. It is clearly insufficient for one who alleges his possession to extend to a large tract of land, with well defined limits and boundaries, to prove only acts of possession to a hundredth or any other fraction of it; he must show also, by legal and satisfactory evidence, that he possessed corporeally, or actually, the small part as owner of the whole.

The imperfect state of the evidence adduced by plaintiff in support of his possessory action, renders it unnecessary for us to examine the bill of exceptions taken to the charges of the judge *a quo*, to the jury; as, supposing that we should be disposed to say that he has erred in his said charges, the result would still be the same; since, in our opinion, the plaintiff has not made out his case.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

*Margin notes:*

EASTERN DIST.
June, 1840.

M'DONOUGH
vs.
CHILDRESS ET AL.

Where the plaintiff in a possessory action fails to show that he possessed actually and to a certain extent and limits, the tract of land he claims, he cannot recover.

It is insufficient for one who alleges his possession to extend to a large tract of land with well defined limits and boundaries, to prove only acts of possession to a small part or fraction of it.