GLADNEY, Judge.
Mrs. Ruby Bumgardner Wright appeals from a judgment dismissing her suit wherein relief by injunction was sodght to prevent the appellee, J. H. Holder,' his agents and employees, from going upon her lands and disturbing her in the peaceful possession of her property and rejecting her demands for monetary damages arising from said disturbance.
The defendant has filed exceptions of inconsistency of ctemands, improper cumulation of actions, and an exception of no cause or right of action. These exceptions were overruled by the judge a quo and we think justly so. Objection is made that plaintiff may not claim monetary damages and injunctive relief in the same proceedings, and further, that by admitting her dispossession she cannot maintain this type óf suit.
The original petition sets out plaintiff is the owner in fee of certain described land .situated in East Carroll Parish, including Lot 7 of the NEj4 of SE^,.Section 9, Township 21 North, Range 11 East, the north line of which borders upon defendant’s property.
The prayer of plaintiff’s petition discloses it td be an action for preventing a disturbance of her peaceful" possession of certain property through injunctive relief. Such action, in our opinion, is authorized *532 by arts. 49, 50, 51, 52, 296 and 298, par. 5, of the Code of Practice.
Art. 49:
“Requisites of Possessory Action.— In order that the possessor of a real estate, or one who claims a right to which such estate may be subjected, may be emtitled to bring a possessory action, it is required:
“1. That he should have had the real and actual possession of the property at the instant when the disturbance occurred; a mere civil or legal possession is not sufficient;
“2. That he should have had that possession quietly and without interruption, by virtue of one of the titles prescribed in the forty-seventh article, for more than a year previous to his being disturbed; provided the possession of less than one year be sufficient, in case the possessor should have been evicted by force or by fraud;
■ “3. That he should have suffered a real disturbance either in fact or in law;
“4. That he should have brought his suit, at the latest, within the year in which the disturbance took place.
“When the possession of the plaintiff is accompanied with all those circumstances, it matters not whether he possesses in good or in bad faith, or even as a usurper, he shall nevertheless be entitled to his possessory action.”
Art. SO:
“The disturbance which gives rise to the possessory action may be of two kinds; disturbance in fact, or disturbance in law.”
Art. SI:
“Disturbance in fact occurs when one, by any act, prevents the possessor of a real estate, or of a right growing from such an estate, from enjoying the same quietly, or throws any obstacle in the way of that enjoyment, or evicts him through violence, or otherwise.”
Art. 52:
“Disturbance in law takes place when one, pretending to be the possessor of a real estate, says that he is disturbed by the real possessor, and brings against the latter the possessory action; for in such a case the true possessor is disturbed by this action, and may also bring a possessory action, in order to be quieted in his possession.”
Art. 296:
“Injunction, or prohibition, is a mandate obtained from a court, by a plaintiff, prohibiting one from doing an act which he contends may be injurious to him or impair a right which he claims.”
Art. 298:
“The injunction must be granted, and directed against the defendant himself, in the following cases: * *
“5. When the defendant disturbs the plaintiff in the actual and real pos-ession which such plaintiff has had for . more than one year, either of a real estate or of a real right, of which he claims either the ownership, the possession or the enjoyment.”
An instance in which an action of this nature was brought is to be found in Lee v. Harris, App.1946, 209 La. 730, 25 So.2d 418, 450. The cited case points out the type of possession required in order to sustain such an action:
“And ever since the decision of this court in the case of Ellis v. Prevost, 13 La. 230, decided in 1839, clarifying all of the contradictory provisions of our codes treating of possession, the character of possession necessary to maintain the possessory action has been considered settled and the jurisprudence of this state has been that once vested with possession, the intention to continue therein is presumed to persist, whether or not the possessor ac *533 tually occupies and detains the thing, until he is disturbed in fact or in law. See Articles 3442, 3443, 3444 of the [LSA-] Civil Code; Davis v. Dale, 2 La.Ann. 205; Taylor v. Telle, 45 La.Ann. 124, 12 So. 118; Handlin v. H. Weston Lumber Co., 47 La.Ann. 401, 16 So. 955; and Pittman v. Bourg, 179 La. 66, 153 So. 22.”
The essential factor is that plaintiff had the real and actual possession of the property at the instance when the .disturbance occurred, that it be shown she had that possession quietly and without interruption for more than a year previous to being disturbed, and has filed her suit within the year the disturbance took place. Articles 49 and 268 of the Code of Practice. The rule is now well recognized in a possessory action on account of the dispossession caused by the defendant, damages may be recovered in the action. DeGraauw v. Eleazar, La.App.1945, 24 So.2d 180, 183. We are of the opinion plaintiff has alleged a cause of action.
The judge a quo, in rejecting plaintiff’s demands for relief declared that plaintiff has failed to establish the line between plaintiff’s and defendant’s property with sufficient certainty. The court manifestly was convinced as to possession of a portion of the property in dispute but found the evidence unsatisfactory as to the exact line of demarcation between plaintiff’s and defendant’s property.
The record reflects that a persistent effort was made by defendant over the strenuous objections of counsel for plaintiff to establish through survey, a boundary line between the two properties. Plaintiff’s action was not concerned with the title question nor the legal limits of the respective properties. It was, however, concerned with the limits of the property to which plaintiff claimed possession, and and we see it, it was incumbent upon plaintiff to establish such a line. She is required to' show the limits of the property possessed by her and that her possession within these limits was disturbed .by defendant as prescribed by the articles of the Code of Practice above referred to.
Dr. P. J. Bumgardner, agent of plaintiff, testified that the line was obvious. It had been pointed out to him. It was there. He contended that he bought the property up to that line. C. L. Jones testified that the existing boundary line was “just what we call the old land line but everybody went by it.” Doc Smith testified the line claimed by Dr. Bumgardner was the one used by other persons. The line was described as being located in the center of an east-west road which touched the property at the Northeast corner of plaintiff’s Lot 7 and extended some distance to the west before turning off. According to Dr. Bumgardner and others, an extension of this line to the west line of Lot 7 clearly marked the line up to which tenants on plaintiff’s property had cultivated the land. The line was further made certain by the testimony of a surveyor, Henry M. Mes-singer, who testified as follows:
“Q. I hand you a plat marked Defendant F — now, in paragraph 7 of plaintiff’s petition it is alleged that Mr. J. H. Holder has taken possession of approximately ninety feet of land off the north side of the Wright-Bum-gardner tract — the part of that tract adjoining Mr. Holder’s tract being described as Lot 7 of the NE]4. of the SE]4 of Section 9, T. 21 N., Range 11 E., will you indicate on that plat the ninety foot strip of land in controversy according to the allegations of plaintiff’s petition? A. According to this plat, it is the strip colored red— shaded red;
“Q. That then that is shaded red is the north ninety feet of the Bum-gardner-Wright land? A. Yes, sir.
“Q. Now, that is in accordance with the line as established by you in your survey of the Holder property? A. Yes, sir.
“Q. Now,, in accordance with the line as established — the temporary line as established by Mr. Benjamin — Wil *534 liam B. Benjamin, where would that ninety feet be? A. It would, right roughly, the north line of it would be between my line and the center of the gravel road and extend ninety feet south.”
The plat marked “D-F” is filed in the .record and clearly indicates the property in dispute between the parties.'
We now consider whether plaintiff has established a disturbance to her possession as defined under articles 51 and 52 of the Code of Practice. In his reasons for judgment the judge a quo observed that both plaintiff and defendant through their agents and representatives have been equally disturbed. At the commencement of the trial the court directed plaintiff to remain, in possession of said property pending the outcome of the suit. Some of the disturbances of plaintiff’s possession occurred subsequent to the institution of the suit' and this gave rise to supplementary claims for damages by plaintiff’s counsel. Disturbance was also shown prior to the institution of suit which continued almost to the trial of the case. The peaceful enjoyment of plaintiff’s property was interrupted- by running tractors over the disputed area, plowing strips thereof and dragging felled trees onto it. These acts were sufficient to prevent plaintiff’s tenants from cultivating the property. It constituted, in our opinion, a challenge to plaintiff’s dominion over her land. For these reasons, in our opinion, the defendant should be enjoined from interfering with plaintiff's peaceful possession.
We are cognizant of the claim of appellant for damages and recognize the rule now well settled that such damages are allowable. However, in such instances it is equally clear that plaintiff must prove these damages with such a reasonable degree of certainty.as to warrant the basis of a judgment. DeGraauw v. Eleazar, La.App.1945, 24 So.2d, 180.
 Plaintiff has failed to make out to any degree of cértainty lier losses from alleged inability to cultivate the land due to the disturbance by defendant and because of the condition of the evidence we necessarily must deny recovery for the damages as may have béen inflicted. Plaintiff, however, has established entitlement to attorney’s fees in the sum of $250, and we think this should be allowed. See De-Graauw v. Eleazar, supra.
For the reasons assigned, the judgment from which appealed, rejecting the de.mands of plaintiff, Ruby Bumgardner Wright, is annulled, set aside and reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of Ruby Bumgardner Wright and against J. H. Holder, enjoining him from interfering with her possession of Lot 7 of the NE^, of the SE%, Section 9, Township 21 North, Range 11 East, East Carroll Parish, Louisiana, and disturbing plaintiff in her possession thereof and particularly with reference to that strip of land designated in ,red lying within or adjacent "to Lot 7, above described, all as shown on map identified as “Defendant F”, attached to the record in this case. It is further ordered that there be judgment in favor of Ruby Bumgardner .Wright and against J. H Holder, defendant, in the sum of $250 Defendant pay all costs of the suit, including cost of this appeal.