136 So.2d 819 (1962)
Numa H. ROGE, Plaintiff-Appellant,
v.
Rex KUHLMAN et al., Defendants-Appellees.
No. 420.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1962.
Rehearing Denied February 7, 1962.
Certiorari Denied March 16, 1962.
*820 Watson, Williams & Brittain, by Jack O. Brittain, Natchitoches, for plaintiff-appellant.
Gahagan & Gahagan, by Russell E. Gahagan, Natchitoches, for defendants-appellees.
Before TATE, SAVOY and HOOD, JJ.
TATE, Judge.
This is a possessory action. The plaintiff appeals from the dismissal of his suit. The issue essentially is whether the plaintiff correctly or with sufficient particularity described the land upon which the disturbance took place.
In the allegations of his petition, the plaintiff describes himself as the owner of land in "Section 26, Township 7 North, Range 5 West, Natchitoches Parish, Louisiana," and as having acquired same by a 1943 warranty deed. The plaintiff's petition, filed August 29,1960, further alleges that on approximately June 1, 1960 the defendant Rex Kuhlman had disturbed his possession of "a portion of the above described property" by tearing down the plaintiff's old fence and erecting a new one enclosing part of the land formerly possessed by the plaintiff. (By amended petition the plaintiff joined Dr. M. L. Kuhlman as co-defendant because, subsequent to suit, the latter had acquired a one-half interest in indivision in defendant Rex Kuhlman's tract.)
In dismissing the plaintiff's suit, the trial court held: "Inasmuch as the plaintiff chose to describe the disturbance as having taken place in Section 26 Township 7 North, Range 5 West, he has the burden of proving that the disturbance did occur in Section 26. The Court believes that he has not discharged this burden of proof."
The defendant's disturbance of the possession of about five acres of a tract formerly enclosed by the plaintiff's fences is essentially admitted and proved. The sole defense raised is that the land upon which this disturbance took place was not truly located within Section 26 but, rather, just across the section line. The defendants' able counsel in brief succinctly summarizes his *821 clients' position as follows: "The essence of the defense of the defendant is that he at no time disturbed the plaintiff in his possession of any portion or part of property located in Section 26, Township 7 North, Range 5 West. In other words, he does not deny that he did disturb the plaintiff in his possession, if you could say he had it in his possession, of a piece of ground, but he denies that it was the ground described in plaintiff's petition. * * * The question in the case is not whether the defendant committed a trespass on any land in the possession of the plaintiff, but whether he committed the trespass on the land specifically described in plaintiff's petition."
The evidence shows that in 1955 the plaintiff had erected a fence along the northern and western lines of his property in accordance with a survey made by one Hyams and that this fence was in existence in 1957 when the defendant Kuhlman acquired the adjacent tract northerly of the plaintiff's land. Plaintiff's north boundary was by his title located on the north section line of Section 26.
In late 1959, Kuhlman hired a surveyor to establish his own lines. This surveyor made a written report to the defendant that it was certain that there were some errors in his property lines and that it would take at least a thousand dollars to establish his corners to fit the government calls. See P-2. By his title, the defendant Kuhlman's southern boundary was the north section line of Section 26.
Without consulting the surveyor further, the defendant Kuhlman in the summer of 1960, several months before the present suit, built a new fence along a line which he established as his own southern boundary with the aid of a compass and by following blazed and painted tree-lines between certain trees which the defendant Kuhlman believed to be the northwest and northeast corners of the plaintiff's land. He admitted that he ran this line without the assistance of a surveyor. (The plaintiff had previously objected to introduction of any evidence in this possessory action to show that his old fence was not correctly located on the north section line of Section 26 per his title. Tr. 67-68.)
The defendant Kuhlman essentially admits, as the proof without contradiction shows, that the new fence erected by him was approximately three hundred feet south of the plaintiff's northern fence and that the plaintiff's old 4-strand barb-wire fence line was clearly visible, although (as photographs show) trees had fallen across it in several places. (The plaintiff's witnesses testified that the fence had not had these gaps in it prior to the defendant's trespass.) The new Kuhlman fence enclosed about five acres off the northwestern corner of the tract previously fenced by the plaintiff.
In our opinion, our learned trial brother was in error in dismissing the plaintiff's suit. It is true that the plaintiff alleges that he possessed as owner certain land located in Section 26, but he further specifically indicated the location and identity of the land on which his possession had been disturbed by further describing it as bounded, north and west by the remains of his old fence, and south and east by the defendant Kuhlman's new fence.[4] There is no substantial doubt from the pleadings as to the identity or location of the land upon which the trespass took place, and this is all that is necessary for a possessory action.
As stated in Riseman "The Possessory Action in Louisiana" 20 Tulane Law Review 524 (1946), the function of the possessory action "is to give the possessor of immovable property * * * a legal remedy *822 to aid in maintaining his possession. If the possessor fulfills certain requisites, his right of possession is protected regardless of whether he is the legal owner in possession, or a possessor who is not the true and lawful owner". 20 Tul.Law Rev. 524. "The plaintiff in a possessory action need not describe the land in any particular way, but he must describe it sufficiently to give the defendant reasonable notice as to what land is in dispute. Furthermore, where the locus in quo is so uncertain that it is impossible to determine whether or not the defendant's dominion extends over, and interferes with, any part of the tract claimed by the plaintiff, recovery will not be granted. "20 T.Law Review 528-529. See also Comment, "Real Actions to Determine Ownership or Possession * * *." 20 La.Law Rev. 92 (1959), 98-100.
"It is well settled that, even against the lawful owner, one who has been in possession of property for over one year has a cause of action to prevent an illegal disturbance of that possession and to recover damages resulting from such disturbance, and that, consequently, in such actions title is not at issue when (as here) timely objection is made by plaintiffs to evidence concerning title, [citations omitted]," Loeblich v. Garnier, La.App. 1 Cir., 113 So.2d 95, 98.
The Loeblich decision concerned a suit by possessors arising out of the disturbance of their peaceable possession of a tract enclosed by fences. The defendant sought to excuse his trespass by introducing evidence that the violated fence line was not correctly located, so that allegedly the trespasses did not take place on property within the limits of the plaintiffs' title. The court refused to consider such evidence, holding that, 113 So.2d 98, "in such actions by possessors, the trespasser may not excuse his violation of an apparent and generally recognized boundary by attempting to establish another and theoretically correct boundary. Hill v. Richey, 221 La. 402, 59 So.2d 434; Wright v. Holder, La.App. 2 Cir., 72 So.2d 529, certiorari denied; De Graauw v. Eleazar, La.App. 1 Cir., 24 So.2d 180; Guidry v. Matherne, La.App. 1 Cir., 12 So.2d 19."
We have reservations as to whether the evidence in the present suit indeed supports a finding that the disputed tract is not located in Section 26 and thus within the limits of the plaintiff's recorded title; but, even if so-26 however relevant such finding might be in a petitory (title) or boundary action, such circumstance is not of controlling significance in this possessory action, which has as its aim the protection of recognized possession of property, without entailing the necessity of exhaustive and detailed investigation of title.
Here, without contradiction the evidence shows that the plaintiff had had possession for far more than a year of the disputed tract, which was within the clearly-marked limits of a four-strand barb-wire fence built by the plaintiff in 1955. The plaintiff's continued possession of the property up to the time that the defendant Kuhlman built the new fence and cleared the land within the limits of the plaintiff's clearly visible fence line, is not lessened by the circumstance that in several places there were gaps in the fence along such clearly visible fence line caused by the fall of trees across the fence. See Hill v. Richey, 221 La. 402, 59 So.2d 434.
The courts rejected almost identical defenses raised by other defendants in possessory actions in Ducote v. Barras, La. App. 1 Cir., 77 So.2d 115; Wright v. Holder, La.App. 2 Cir., 72 So.2d 529, certiorari denied; and De Graauw v. Eleazar, La. App. 1 Cir., 24 So.2d 180. In so doing, the courts held that, since only the possession and the disturbance are at issue in possessory actions and not title, evidence was inadmissible that the boundary across which the trespass took place was not correctly located according to the title of the parties, despite the allegations in the possessory actions describing the trespasses as disturbing the possession of land described according to the plaintiff's title. See Ducote case: "Lot 12"; Wright case: "Lot 7 of the NE. *823 ¼ of SE ¼, Section 9, Township 21, North, Range 11 East", involving the disputed location of a half-section line forming part of the description; De Graauw case: a strip "measuring 21 feet north and south and taken from the northern end of Lot 35." See also Rhodes v. Collier, 215 La. 754, 41 So.2d 669.
The defendants-appellees cite and rely upon Bossier Enterprises, Inc. v. Carbone, La.App. 2 Cir., 66 So.2d 521 and Loper v. White, 2 Cir., 1 La.App. 695.
In the former case, the plaintiff brought a possessory suit against the disturbance of his possession of "Lot 7", to which he held title; the defendant had torn down a gate erected just prior to suit by the plaintiff across a passageway used for many years by the defendant and others. The question at issue concerned whether the passageway was on the plaintiff's property or in the public street, and the holding of the court was simply that the plaintiff had not borne his burden of proving possession of the disputed property, which in such instance in view of the concurrent use of it by the defendant and othersrequired a finding that it lay within the limits of the plaintiff's title. The court remarked that "possession is a fact and each case must rest upon its own peculiar circumstances", 66 So.2d 521. Unlike the circumstances in the cited decision, of course, the facts before us plainly show that the plaintiff had possession of the land upon which the disturbance of possession took place.
Likewise, the holding in the second case relied upon, Loper v. White, is not clearly inconsistent with the result reached herein. Here, the court of appeal simply reversed the trial court for refusing to admit into evidence the plaintiff's deed of title, holding that the deed was "necessary to show what land the plaintiff alleges himself to be in possession of; and we are clear that the proof must be restricted to trespasses upon the land described," 1 La.App. 696, and remanded the case for further proceedings. Although the language is indeed somewhat favorable to the defendant's contention, at the same time the appellate court affirmed the trial court's refusal to order a survey to determine the ideal boundary between the tracts and further stated: "The plaintiff in a possessory action need not describe the land in any particular way, whether by section, township or range, natural boundaries or otherwise; it is sufficient if he describes it in such way as will give defendant reasonable notice," 1 La. App. 696. This, we hold, was done in the case before us now.
The evidence shows that the plaintiff's old fence line is as shown by the survey dated February 10, 1944 by Surveyor Gaienne Hyams and introduced into evidence as P-3. The plaintiff is entitled to be restored to possession of the property up to this fence line; without prejudice, of course, to the defendants' right by appropriate suit to contest the correctness of the location by the Hyams survey of the north line of Section 26, which is also the north line of the property to which the plaintiff has title.
Having found that the plaintiff is entitled to be restored to possession of the property up to his former fence line, we must next consider his claim for the damages caused by this trespass.
Plaintiff seeks: (a) an award for certain pecuniary damages, being injury to his fence, the grass, and the trees on the land upon which the trespass took place; (b) "the mental anguish and humiliation of being dispossessed" of the property described; and (c) attorney's fees.
As to the first item, other than the plaintiff's unsubstantiated and somewhat vague estimates of the monetary value of the grass, trees, and fence, the record is bare of any evidence justifying an award for such damages. Camus v. Bienvenue, La. App. 1 Cir., 91 So.2d 99; Wright v. Holder, La.App. 2 Cir., 72 So.2d 529. Also, as to the third item, it is now well settled that attorney's fees are not awarded as damages *824 for the successful prosecution or defense of a possessory action resulting from a trespass, despite some earlier jurisprudence to the contrary. Elliott v. Mowad, La.App. 3 Cir., 125 So.2d 461; Loeblich v. Garnier, La.App. 1 Cir, 113 So.2d 95.
But, under the jurisprudence, the plaintiff is entitled to recover for the mental anguish and humiliation caused by being wrongfully dispossessed of his property. Herandez v. Harson, 237 La. 389, 111 So. 2d 320; Loeblich v. Garnier, above-cited. As the latter decision indicates after full discussion, this is regarded as an award of compensatory damages for violation of a recognized property right; even though, as stated in the former decision, 111 So.2d 324, "Such an item is not confined to proof of actual pecuniary loss". The plaintiff did testify that the trespass occasioned him "considerable bother."
Considering the circumstances of this case as well as the awards made in the cases cited in the Loeblich decision, we think that an award of $500.00 should be made for this item of damages. It is conceded that defendant Rex Kuhlman alone is liable for these damages and that co-defendant, Dr. M. L. Kuhlman, who purchased an interest in the property after the trespass, is not liable therefor.
For the foregoing reasons, the judgment of the District Court dismissing the plaintiff's suit is reversed. It is ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, Numa Roge, and against the defendants, Rex Kuhlman and Dr. M. L. Kuhlman, ordering them to restore to the plaintiff possession of the tract possessed by the plaintiff prior to the disturbance of his possession by the defendant Kuhlman up to his the plaintiff's former fence line, and allowing the defendants sixty (60) days from and after the date this judgment becomes final within which to remove the new fence from within the limits of such former fence line. Judgment is further rendered in favor of the plaintiff and against the defendant Rex Kuhlman in the amount of Five Hundred Dollars, together with legal interest from date of judicial demand until paid; the latter defendant to pay all costs of these proceedings and of this appeal.
Reversed and rendered.

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[4] By article 11 of his petition he alleges: "That a sufficient amount of the old fence of your petitioner still remains on the above described property to mark the Northern and Western boundry of the above described property [of which the plaintiff was wrongfully dispossed] and that defendant's new fence on the above described property marks the Southern and Eastern boundry of the above described property."