BOLIN, Judge.
This possessory action was instituted by plaintiffs seeking to be restored to the possession of a three-acre tract of farm land and for $3600 damages for timber allegedly sold from the tract. Defendant, Dan Thomas Ayers, answered and reconvened for possession claiming ownership of the tract and damages for himself. In a written opinion the trial judge found that since neither plaintiffs nor defendant had shown the necessary possession all demands should be rejected. However, in an addenda to the original opinion he found the original plaintiffs should be ordered to assert their title to the disputed acreage by a petitory action within sixty days. From judgment in accordance with these findings plaintiffs appeal.
At the beginning of the trial the parties stipulated that Mrs. Murphy and the other petitioners, being her daughters and children of her predeceased sons, born of Mrs. Murphy’s marriage to Mr. Mclnnis, owned the Syá of the SEj4 of the SEj4 of Sec *795 tion 15, Township 15 North, Range 8 West; that defendant Ayers owned the Ni/£ of the SE¡4 of the SE¡4 of Section 15, Township 15 North, Range 8 West, located in Bienville Parish, Louisiana; that there is a dirt road which runs generally in an east-west direction from the Castor Highway into this described quarter-section. It was also stipulated that both the plaintiffs’ pos-sessory action and the defendant’s recon-ventional possessory action were commenced within one year from the date of the disturbance which both claim; that the questions remaining before the lower court were: who possessed the triangular tract of land containing approximately three acres south of and in the curve of the dirt road, the character of the possession and when it began ?
Undisputed facts other than those stipulated are: Mr. Mclnnis purchased the entire quarter-section heretofore described in 1903 and shortly thereafter sold the north half of the described tract to Marion Wiggins. By various conveyances this north portion of the property was transferred to Mrs. Minnie Ayers and James Ayers who sold it to Dan Thomas Ayers on May 6, 1966, and it is the latter’s contention the disputed acreage is part of the property purchased by him. No survey or plat of the property involved was filed and the only description of the property in plaintiffs’ petition, other than recitation of the purchase, is:
“Petitioner Ida Wiggins Mclnnis Murphy and her former husband W. M. Mc-lnnis about the year 1904 enclosed the portion of this tract of immovable property lying south of the road with a rail fence. This fence was later replaced with a wire fence.
“From the year 1903 until about 1941, petitioner Ida Wiggins Mclnnis Murphy and her husband W. M. Mclnnis personally conducted farming operations on this property. Between the year 1941 and 1946 when Mr. Mclnnis passed away, this tract was leased for farming operations.”
In his reconventional demand defendant alleged he possessed the three-acre tract as owner and that it was a portion of the property purchased by him and described it as follows:
“A certain tract of land beginning at the point where the East section line of Section 15, Township 15 North, Range 8 West, intersects with the dirt road that presently runs through said section at the south edge of the road, then run South to an old fence or an old fence line a distance of approximately 34 feet, thence along said fence line in a Westerly direction to the West line of the Southeast Quarter of the Southeast Quarter, Thence North along said West line a distance of approximately 268 feet to the South edge of said road in an Easterly direction to the point of beginning.”
Testimony of the witnesses is in irreconcilable conflict. Plaintiffs’ witnesses testified their father and mother bought the property in 1903 and farmed it together until around 1941. At that time the father, Mr. Mclnnis, became incapacitated and the property was either leased or farmed on shares. One of the daughters testified that after her father’s death in 1946 she supervised the planting of pines on the three acres at the same time she had the entire homeplace seeded with pines. Plaintiffs also testified that the present dirt road had always been located as it is at present and that they had maintained a fence along the south border of this road which allegedly was removed by defendant when he had the timber cut. This removal of the fence and cutting of the timber constitute the disturbances of which plaintiffs complain as entitling them to bring the possessory action.
In attempting to show his right to the possession of the triangular tract plaintiff-in-reconvention alleges his ancestors in title continuously used the land for gardening, for planting corn and peas and eventually planted it in pines. There was evidence the *796 timber sold from the tract brought approximately $35 and after the timber was cut the three acres were cleared for a garden. Defendant’s witnesses testified almost unanimously there remained vestiges of an old road south of the present road and the Mc-Innises had an old fence line south of the old road but the fence is no longer maintained. These witnesses also testified there had never been a fence immediately south of the present road.
The trial judge concluded the tract was not described in either pleading or by other means with sufficient accuracy to permit a judgment maintaining either party in possession of a specific portion of the three acres. The trial judge noted' there was nothing in the evidence to indicate that the description was the result of a survey and, further, there was no evidence to show the tract was enclosed by definite markings. For this reason he denied plaintiffs’ claims, ordered both parties to be maintained in peaceful possession of the property described in their respective deeds and denied all claims for damages. As prayed for in the reconventional demand he ordered' defendants-in-reconvention to file a petitory action within sixty days from the finality of this judgment or be forever barred from claiming ownership or possession of the disputed tract.
Appellants have specified five errors in the judgment of the lower court:
“(1) In concluding that the description of the tract of land in dispute was not properly and accurately described sufficient for defendant to know its location;
(2) In concluding that the tract was not sufficiently identifiable with markings, either natural or manmade, sufficient for plaintiffs to demonstrate their possession to all the world;
(3) In concluding that plaintiffs are required to have possession of the disputed tract for a sufficient length of time to become owners of the tract by adverse possession (acquisitive prescription), before they would be entitled to maintain this possesory action;
(4) In concluding that both parties were entitled to the possession of the tracts described in their deeds, since this is not a remedy responsive to' the Possessory action, but the Petitory Action;
(5) In changing the substance of the original judgment, without notice to' the plaintiffs or affording them an opportunity to be heard; and, particularly that portion of the addenda to the original opinion which ordered the plaintiffs to assert a Petitory action, since the Judge did not make a finding that defendant was actually in the physical corporeal possession of the disputed three acre tract.”
We agree with the lower court’s finding that the property was not described with sufficient certainty to allow rendition of a judgment of possession in either party.
By their stipulation plaintiffs claim ownership of the S1/2 of the SEJ4 of the SEJ4 of Section 15, Township 15 North, Range 8 West, and concede that defendant owns the NJ4 of the described quarter-section. Thus both plaintiffs and defendant are claiming, as owners, their right to possession of the disputed tract under the pertinent portion of La.C.C.P. 3656:
“A plaintiff in a possessory action shall be one who possesses for himself.”
Neither plaintiffs nor defendant have had the boundary between their properties fixed by survey or otherwise. No evidence is in the record of the limits ever having been determined. In order for plaintiffs to show disturbance of their possession on the three acres it must have been shown to have been within the boundaries of the property being claimed by them as owners. Likewise, to grant defendant relief in his recon-ventional possessory action the property must be shown to lie within the portion claimed by him as owner.
*797 The early case of Loper v. White, 1 La. App. 695 (2 Cir.1925) cited by the trial judge in his opinion, was a possessory action in which a controversy arose over the line between land of plaintiffs and that leased to defendant. The court there held that to prove his case it was incumbent on plaintiff to show defendant had done something amounting to trespass and to show also that this something was upon the land described in the petition. Defendant offered to introduce the deed under which plaintiff held, but upon plaintiff’s objection it wás ruled inadmissible. The court concluded the ruling was erroneous, stating:
“The question of title is, of course, not involved in the suit and the deed is not admissible on that ground * * *, but we think it is not only admissible but necessary to show what land plaintiff alleges himself to be in possession of; and we are clear the proof must be restricted to trespasses upon the land described." (Emphasis ours.)
In a 1959 comment “Real Actions to Determine Ownership or Possession Under the Proposed Louisiana Code of Civil Procedure”, 20 La.L.Rev. 92, at 99, the author had this to say with regard to the posses-sory action:
“ * * * The plaintiff in the possessory action must include the following allegations in his petition:
(1) that the plaintiff possesses as owner;
(2) that he has had actual possession, quietly and uninterruptedly, for more than a year previous to the disturbance, and that this possession existed at the instant when the disturbance occurred; and (3) that there has been a real disturbance of possession. The petition must contain also a proper description- of the property. * * * ” (Emphasis ours.)
Cases cited in a footnote as sustaining the emphasized portion of the comment are: Wright v. Holder, 72 So.2d 529 (La.App. 2 Cir.1954); Bossier Enterprises, Inc. v. Carbone, 66 So.2d 521 (La.App.2 Cir.1953); Neal v. Farm Development Corp., 42 So.2d 319 (La.App.1 Cir.1949); Loper v. White, 1 La.App. 695 (1925) supra; McDonough v. Childress, 15 La. 556 (1840).
In an old case, Morgan v. Driggs, 15 La. 451 (1840), the Louisiana Supreme Court held:
“The plaintiff has certainly failed to establish such possession as, under the 49th article of the Code of Practice, would entitle him to a possessory action. The locus in quo is so uncertain that it is impossible to determine whether the defendant’s possession extends, or not, over any part of the tract of land claimed by plaintiff under his sheriff’s sale. * * * There is no proof of any location of the Enet tract, twenty arpents of which plaintiff claims to be in possession; and, on the contrary, it is shown that it has never been known, as one of the witnesses says, with any well-defined boundaries.”
Since we agree with the trial judge’s finding that neither party has shown the disputed tract lies within the portions claimed by them as owners the judgment dismissing the possessory action of both plaintiffs and defendant is correct. Under this finding the portion of the lower court’s judgment ordering plaintiffs to' institute a petitory action is erroneous.
Accordingly, the judgment appealed from is recast and it is ordered that the demands of plaintiffs, Ida Wiggins Mclnnis Murphy, Myrtle Mclnnis Webb, Lois Mclnnis Hod-nett, Gladys Mclnnis Alston, Minnie Mc-lnnis Orgill, R. E. Mclnnis, Jr., Jerry Mc-lnnis and Judy Mclnnis be rejected.
It is further ordered that the demands of Dan Thomas Ayers, defendant and plaintiff-in-reconvention, be rejected.
It is further ordered all costs be paid one-half by plaintiffs and one-half by defendant.
Affirmed in part, reversed in part and recast.