401 So.2d 436 (1981)
Leroy BANKSTON and Gerald Allen
v.
The ESTATE of Sam BANKSTON et al.
No. 14163.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
Rehearing Denied August 5, 1981.
A. C. Powell and Michael R. Tregle, Hammond, for plaintiffs.
Ronald A. Curet, Hammond, for defendants.
Before LOTTINGER, EDWARDS and PONDER, JJ.
PONDER, Judge.
Defendants appealed from a judgment in favor of plaintiffs ordering the conveyance of real property in accordance with a lease-option to purchase.
The issues are: ambiguity of the lease-option and timeliness of defendants' exercise of the option and notice thereof.
We affirm.
Plaintiffs and defendant, Sam Bankston (now deceased), and his wife entered into a lease-option agreement for a twenty-four month term commencing May 1, 1976 and ending April 30, 1978. The pertinent parts *437 of the lease-option agreement read as follows:
"As further consideration of the monthly rental, Lessor agrees to grant to Lessees the option to purchase the above described property and movables for $68,950.00. In the event that Lessees decide to exercise the option, they shall be given credit for the rental paid up to the point of the exercise of the option, Less and Except therefrom six (6%) per cent simple interest as calculated on the purchase price $68,950.00.
"Lessees may exercise the option any time within the twenty-four (24) month period. Lessor is responsible for transferring a merchantable and clear title to Lessees. In the event that any title work is necessary to clear the title, said title work shall be done at the expense of Lessor-Vendor.
"In the event Lessees desire to exercise their option as granted herein, they must notify Lessor at Route 1, Box 223, Independence, Louisiana, by ordinary mail, thirty days prior to said sale.
"It is understood between the parties that if the Lessee abandons the lease or violates the lease-purchase terms, they thereby forfeit their rights to the option.
"Lessor-Vendor, Sam Bankston is given permission to live in the home located on the above-described property during this entire lease period, however, he agrees to leave the home within thirty (30) days from the passing of the act of sale."
On April 27, 1978, plaintiffs mailed defendants written notice of their desire to exercise the option, designating May 26, 1978 as the date upon which to pass the act of sale. The notice was received by defendants May 1, 1978. Defendants refused to convey the property, claiming plaintiff's attempt to exercise the option was untimely. Plaintiffs then filed suit for specific performance which the trial court granted.
Defendants interpret the agreement to require the act of sale be passed within the twenty-four month lease term. Citing Standard Oil Co. of Louisiana v. Milholland, 167 La. 707, 120 So. 59 (La.1929), they argue the phrase "exercise the option" means to purchase the property during the term of the lease. We find Standard Oil distinguishable. There, the court stated the privilege granted the lessee was to actually purchase the property during the lease term. Here the agreement grants the lessee the right to exercise the option during the lease.
An option is a binding offer for a stipulated time which, when accepted, ripens into an agreement to sell which may be specifically enforced by either party. LSA-C.C. Art. 2462; Moresi v. Burleigh, 170 La. 270, 127 So. 624 (La.1930). We interpret the phrase "exercise the option" to mean an acceptance of the offer. Plaintiffs' written acceptance tendered to defendant was sufficient to "exercise the option". Kinberger v. Drouet, 149 La. 986, 90 So. 367 (La.1922).
Defendants next claim the notice provision of the lease-option is ambiguous. Relying on Mrs. Bankston's testimony that she "was looking for a pay off within twenty-four months", they argue the agreement must be interpreted to require the act of sale be passed within the lease term. Citing LSA-C.C. Arts. 1957 and 1958, they contend that because the document was prepared by plaintiff's attorney any ambiguity in the instrument must be construed against the plaintiffs. Defendants' claim is without merit. Although we agree that, standing alone, the notice provision may be susceptible of more than one interpretation, when read with the entire agreement, its meaning is clear. LSA-C.C. Art. 1955. Lessees are obligated to accept the offer of sale within the twenty-four month lease term, if at all, and give defendants' thirty days notice prior to passing of the act of sale.
Defendants next contend that even if plaintiff could validly exercise the option by accepting the offer of sale, that acceptance was untimely. As noted above, plaintiffs' notice of acceptance was mailed April 27, 1978 and received by defendants May 1, 1978. The lease expired April 30, 1978. Defendants argue that the acceptance must have been communicated to them by April 30, 1978.
*438 By the terms of the contract the acceptance was to be communicated by ordinary mail. We believe plaintiffs' posting of the letter of acceptance April 27, 1978 perfected the option agreement. LSA-C.C. Art. 1802.[1]
For the above reasons, the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] LSA-C.C. Art. 1802:

"He is bound by his proposition, and the signification of his dissent will be of no avail, if the proposition be made in terms, which evince a design to give the other party the right of concluding the contract by his assent; and if that assent be given within such time as the situation of the parties and the nature of the contract shall prove that it was the intention of the proposer to allow."