767 So.2d 972 (2000)
Olivia Stewart TABOR and Diane Stewart Byars
v.
Johnny Thomas WOLINSKI and Tracey L. Gatlin.
No. 99 CA 1732.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*973 Corbett L. Ourso, Jr., Hammond, Counsel for PlaintiffsAppelleesOlivia Stewart Tabor and Diane Stewart Byars.
G. Bruce Kuehne, Baton Rouge, Counsel for DefendantsAppellantsJohnny Thomas Wolinski and Tracey L. Gatlin.
Before: FOIL, FITZSIMMONS, and JULIEN[1], JJ.
FITZSIMMONS, J.
On September 16, 1993, Olivia Stewart Tabor and Diane Stewart Byars (Stewarts) entered into an agreement entitled "LEASE PURCHASE" with Johnny Thomas Wolinski and Tracey L. Gatlin (Wolinskis).[2] By letter dated January 16, 1998, Albert Stewart, acting on behalf of the Stewarts, advised the Wolinskis that the lease was cancelled because they had failed to pay monthly notes. The trial court granted an eviction of the Wolinskis and declared the lease cancelled. This court reverses.

ASSIGNMENTS OF ERROR
The Wolinskis appeal and assign as error the following:
1) The trial court erred in not considering or deciding that the purchase agreement is a "bond for deed" contract, subject to the requirements of La. R.S. 9:2945 et sequitur.
2) The trial court erred in ignoring the requirements of La. R.S. 9:2945.
3) The trial court erred in not considering or deciding that, even if the "Lease Purchase" agreement is a contract of sale and not a bond for deed, a dissolution clause cannot be effective under the facts of this case.
4) Even if the "Lease Purchase" agreement is neither a bond for deed nor a contract of sale, the trial court erred in failing to hold that the contract could not be terminated without notice and opportunity for cure.
5) The trial court erred in failing to order the appellee landowners to convey title to the subject property to appellants.
6) The trial court erred in failing to rule on the relative responsibility of the parties for the payment of real estate taxes and the survey.

DISCUSSION
The pertinent provisions of the "lease purchase" agreement between the Stewarts and Wolinskis read:
(2) The consideration for this lease is 60 monthly payments of $188.53, of which payments to principal shall be as per amortization schedule attached hereto[3] and made a part hereof. Purchase price shall be $8,700.00, of which Lessee is making a down payment of $225.00. At the termination of this lease, Lessor will sell the said property described above to Lessee for an additional consideration of $1.00, and at that time, Lessor will execute a cash sale. Lessee will, at that time, also pay legal fees or transfer fees which may occur. Monthly payments are to begin on October 17, 1993
. . . .
Also submitted into evidence with the agreement is an unsigned United States Department of Housing and Urban Development "Settlement Statement." The sellers acknowledged having executed the Settlement *974 Statement in furtherance of the "lease purchase" agreement at issue. The purported date of execution is September 18, 1993; this was two days following the date exhibited on the "lease purchase" agreement. The Settlement Statement expressly refers to the agreement in contention as a "bond for deed" contract. Moreover, the sums represented in the Settlement Statement are consistent with the agreed upon terms in the Lease Purchase agreement.
The issue to be decided by this court involves an interpretation of the legal classification of the agreement. Appellants assert that the lease purchase agreement, in actuality, constitutes a "bond for deed" contract. Louisiana Revised Statute 9:2941 provides:
A bond for deed is a contract to sell real property in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.
The written agreement under review was prepared by an attorney representing the sellers. The general rule as to contractual interpretation is that any ambiguity in a contract must be interpreted against the party who drafted the agreement. La. C.C. art. 2056.
Although in the instant case, the agreement is entitled "lease purchase," its terms are reflective of an agreement to purchase. The determinative fact in this case is that from the inception of the transaction, the Wolinskis were bound to pay the full amount of payments, including the $1.00 consideration at the end. Thus, the agreement is distinguishable from a lease with an option to purchase. It is also distinguishable from a prohibited sale with reservation of title (common law conditional sale). Compare Carrier Leasing Corporation v. Ready-Mix Companies, Inc., 372 So.2d 601, 605 (La.App. 4th Cir.1979), writ denied, 375 So.2d 943 (La.1979), in which the transaction commenced with a requirement of full payment and then, without further consideration, an option to purchase was granted for only $1.00.
The trial court did not determine the nature of the contract in its reasons, but it simply concluded that the document was a lease/purchase agreement. This court finds that the agreement at issue should be classified as a "bond for deed" sale, rather than a lease purchase agreement. The record reveals that the Wolinskis were over thirty days late in making their installment payments on numerous occasions. However, the Stewarts failed to comply with the dictates of La. R.S. 9:2945(B) to place the buyer in default. Louisiana Revised Statute 9:2945(B) requires the seller to serve notice upon the buyer, by registered or certified mail, return receipt requested, at his last known address, that unless payment is made as provided in the bond for deed, within forty-five days from the mailing date of the notice, the bond for deed shall be cancelled. Prejeant v. Hero Lands Company, 244 So.2d 613, 614 (La.App. 4th Cir.1971).
Accordingly, the judgment of the trial court is reversed. The Wolinskis tendered payment for the property in January 1998. This court orders that tender be accepted and that title be transferred accordingly.
REVERSED AND RENDERED.
NOTES
[1] Honorable Ethel Simms Julien is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] The agreement under review was executed by Albert Stewart pursuant to a power of attorney granted by the owners.
[3] Unfortunately, the amortization schedule to which the agreement refers is not included in the submitted evidence.