964 So.2d 1075 (2007)
H.J. BERGERON, INC.
v.
Sharon D. PARKER a/k/a Sharon D. Parker Smith.
No. 2006 CA 1855.
Court of Appeal of Louisiana, First Circuit.
June 8, 2007.
Jeffrey Scott Wittenbrink, Baton Rouge, Counsel for Appellant Sharon D. Parker.
Michael E. Parks, New Roads, Counsel for Appellee H.J. Bergeron, Inc.
Before: PETTIGREW, DOWNING and HUGHES, JJ.
DOWNING, J.
This matter comes before us on appeal from a judgment on rule for eviction ordering Sharon Parker, defendant/appellant, to vacate certain premises and deliver possession of them to the plaintiff/appellee, H.J. Bergeron, Inc. (Bergeron). Concluding that the trial court erred in mischaracterizing the agreement between Ms. Parker and Bergeron as a lease rather than a bond for deed and entering judgment accordingly, we reverse the trial court's judgment and vacate its orders.

Pertinent Facts
Sharon Parker had entered an agreement with Bergeron regarding certain property entitled, "Lease With Option to Purchase," to become effective on February 5, 2002. Ms. Parker took possession of the property at about that time.
Subsequently, in February 2006, Bergeron filed a lawsuit against Ms. Parker for "back due rent" and for eviction. At the rule for eviction,[1] the trial court ruled in favor of Bergeron and ordered Ms. Parker to vacate the premises and deliver possession of them to Bergeron, failing which a warrant of eviction would issue.
Ms. Parker now appeals, asserting two assignments of error summarized as follows:
1) The trial court erred in ruling that the "Lease With Option to Purchase" *1076 was not to be considered a bond for deed contract pursuant to La. R.S. 9:2941 et seq.;

2) The trial court erred in ruling that Ms. Parker was in default of the agreement without properly allowing her to cure the default in accordance with La. R.S. 9:2945, governing cancellation of a bond for deed upon default.

Discussion
The trial court held that a document entitled, "Lease with Option to Purchase," attached hereto, was a lease and not a bond for deed contract as alleged by defendant/appellant. This document stated a price of $19,000 at 9%, described the property, and provided for a $1,200 down payment with $200 monthly payments for 146 months (which would approximately amortize the balance of the "purchase price" of $17,800).
The "Bond for Deed" definition statute, La. R.S. 9:2941, provides:
A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer.
Here, we observe that the document at issue, prepared by the purported Lessor, provides a description of real property, a purchase price in installments and an agreement to deliver title after the payment of the "Sale Price." Further, in the last paragraph of the document, it specifically refers to the parties as BUYER and SELLER. Similar documents have been held to be "Bond for Deed" contracts. See Tabor v. Wolinski, 99-1732 (La.App. 1 Cir. 9/22/00), 767 So.2d 972, and Smith v. Miller, 06-1049 (La.App. 1 Cir. 3/23/07), 953 So.2d 206 (table).[2]
The trial court here incorrectly held that because the document was not recorded pursuant to La. R.S. 9:2941.1 and because the vendee did not apply for a homestead exemption, the document was not a bond for deed contract. However, recordation is for the protection of the vendee and third parties and is not a requirement for the validity of the contract. Likewise, application for a homestead exemption does not affect the validity of the contract.
Accordingly, we conclude that the "Lease with Option to Purchase" is in fact a bond for deed contract. We further conclude that the seller, H.J. Bergeron, Inc., did not comply with La. R.S. 9:2945[3] *1077 and, therefore, the judgment ordering Ms. Parker to vacate the premises and deliver possession of them to Bergeron should not have been issued.
We find merit in Ms. Parker's assignments of error. We will reverse the judgment of the trial court, vacate the orders therein, and remand for further proceedings consistent with this opinion.

Decree
For the foregoing reasons, we reverse the judgment of the trial court and vacate its orders. We remand this matter for further proceedings consistent with this opinion. Costs of this appeal are assessed to H.J. Bergeron, Inc.
REVERSED; ORDERS VACATED; REMANDED
*1078 
*1079 
*1080 
PETTIGREW, J., concurs, and assigns reasons.
PETTIGREW, J., concurring.
I agree with the majority that the specific contract involved in this dispute is a *1081 bond for deed contract. I take this opportunity and humbly suggest that the Louisiana Legislature should revisit whether we should rescind legislation on bond for deeds. Louisiana has more adequate alternatives that safeguard both the vendor's and vendee's rights under Louisiana law; such as, a sale with mortgage. In my humble opinion, the bond for deed concept has led to nothing but confusion in real estate titles and abuse of various parties.
NOTES
[1] The issues of past due rents, penalties, attorney fees and costs were reserved for a later trial on the merits.
[2] Smith v. Miller, supra, correctly notes that "a disguised conditional sale will be regarded as a sale from its inception." However, it then concludes that the agreement was a bond for deed contract. We believe that unless the bond for deed statute is strictly followed, the Civil Code should apply and this document should be considered a sale, and the vendor would have to seek recovery using his vendor's lien. However, we are required to follow existing First Circuit jurisprudence. See Internal Rules of Court, First Circuit Court of Appeal, rule 2.1.d(1).
[3] Louisiana Revised Statutes 9:2945 provides as follows:

§ 2945. Cancellation of bond for deed upon default
A. If the buyer under a bond for deed contract shall fail to make the payments in accordance with its terms and conditions, the seller, at his option, may have the bond for deed cancelled by proper registry in the conveyance records, provided he has first caused the escrow agent to serve notice upon the buyer, by registered or certified mail, return receipt requested, at his last known address, that unless payment is made as provided in the bond for deed within forty-five days from the mailing date of the notice, the bond for deed shall be cancelled.
B. Where there is no mortgage or privilege existing upon the property, and the buyer shall be in default, the seller shall exercise the right of cancellation in the same manner.