976 So.2d 794 (2008)
BAYOU FLEET PARTNERSHIP
v.
PHILLIP FAMILY, LLC.
No. 07-CA-581.
Court of Appeal of Louisiana, Fifth Circuit.
February 6, 2008.
Rehearing Denied March 3, 2008.
*795 Anthony J. Staines, Stephen E. Mattesky, Attorneys at Law, Metairie, Louisiana, for Plaintiff/Appellee.
David L. Colvin, Daniel J. Newchurch, Travis J. Causey, Jr., Attorneys at Law, Gretna, Louisiana, for Defendant/Appellant.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Defendant, Phillip Family, LLC, appeals a summary judgment in favor of the Plaintiff, Bayou Fleet Partnership in a real estate contract dispute. We reverse the judgment and remand.
In December 1999, the parties entered into a contract entitled Lease Agreement regarding property along Highway 90 in Boutte, Louisiana. The agreement contains a provision referring to an option to purchase. The Defendant paid the Plaintiff a lump sum in the amount of $100,000 at the time the document was executed. The monthly payments were $4,500 per month for sixty months commencing March 1, 2000, and ending February 31, 2005. Part of the monthly payment was set aside toward the purchase of the property. Under the contract, the remaining balance would be amortized pursuant to a "Schedule of Purchase Option Dates and Amounts."
In 2004, the Defendant informed the Plaintiff that it intended to fulfill the contract. The Defendant perceived the contract as a bond for deed sale. The Plaintiff considered the contract a lease purchase agreement. It responded with a letter referring to the contract as a lease with an option to purchase.
In February 2005, the Defendant sent a monthly payment. It was returned unnegotiated on March 4, 2005. On March 9, 2005, the Plaintiff attempted to negotiate a new agreement through which a right and/or servitude to fleet its vessels along 465 feet of river frontage of the property would be granted in addition to the purchase of the property at issue. The Defendant did not accept the proposed agreement, but instead arranged for a real estate closing during which it was prepared to pay the balance of the sale price. The Plaintiff did not appear.
On April 22, 2005, the Plaintiff filed a petition for declaratory judgment asking the court to declare that the lease agreement expired at the end of the lease term, and that the option to purchase the property was not exercised by the Defendant *796 within the term. It further requested an order for the Defendant to cease activities on the land, and to immediately vacate the property. Subsequently, the Plaintiff filed a motion for summary judgment, which the trial judge granted on December 5, 2006.
On appeal, the Defendant asserts that the agreement was a bond for deed contract, and that the trial judge erred in granting a summary judgment as there are material issues in dispute remaining on that issue.
The standard for review of a ruling on a summary judgment is de novo. Suire v. Lafayette City-Parish Consol. Government, 04-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48; Alwell v. Meadowcrest Hosp., Inc., 971 So.2d 411, 414 (La.App. 5 Cir. 10/30/07). Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B; Suire, 04-1459 at p. 11, 907 So.2d at 48; Alwell, 971 So.2d at 414. A genuine issue exists where reasonable persons, after considering the evidence, could disagree. Suire, 04-1459 at p. 11, 907 So.2d at 48; Alwell, 971 So.2d at 414. In determining whether an issue is genuine, a court should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Suire, 04-1459 at p. 11, 907 So.2d at 48; Alwell, 971 So.2d at 414. A fact is "material" if it is one that would matter at trial on the merits. Suire, 04-1459 at p. 11, 907 So.2d at 48; Alwell, 971 So.2d at 414. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of trial on the merits. Suire, 04-1459 at p. 11, 907 So.2d at 48; Alwell, 971 So.2d at 414.
A bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer. La. R.S. 9:2941. A conditional sale, such as a bond for deed contract, is an obligation to pay the full price of the purchase. In a lease with an option to purchase, the potential buyer has the option to give additional consideration in order to purchase the leased item at the end of the contract term. Bamma Leasing Co., Inc. v. Secretary of Dept. of Revenue and Taxation, 93-881, pp. 4-5 (La.App. 5 Cir.9/14/94), 646 So.2d 917, 920; Hewitt v. Safeway Insurance Company of Louisiana, 01-0115, pp. 5-6 (La.App. 3 Cir. 6/6/01), 787 So.2d 1182, 1186. See also: Byrd v. Cooper, 166 La. 402, 404-405, 117 So. 441, 442 (1928).
The label placed on the transaction is not determinative. A contract may be treated as a bond for deed where the legal requirements for a bond for deed are met, regardless of the characterization given the transaction by the parties to the agreement. Thus, a "lease-purchase agreement" whereby the "lessee" made monthly payments on real estate to the "lessor" for twenty-five years with all payments credited to the sale price until the final sale was consummated was treated as a bond for deed in Berthelot v. The Le Investment, L.L.C., 02-2054 (La.App. 4 Cir.1/21/04), 866 So.2d 877. There, the agreement contained language that stated a specific point in time when the final sale of the property would take place. See also: Upton v. Whitehead, 41,131 (La.App. 2 Cir. 6/28/06), 935 So.2d 746 (oral agreement to transfer title upon completion of payments held bond for deed).
An option is a binding offer for a stipulated time which, when accepted, ripens into an agreement to sell which may *797 be specifically enforced by either party. Bankston v. Bankston's Estate, 401 So.2d 436, 437 (La.App. 1 Cir.1981), writ den., 406 So.2d 627 (La.1981); Drachenberg v. Parish of Jefferson, 563 So.2d 523, 525 (La.App. 5 Cir.1990). The phrase "exercise the option" means acceptance of the offer. Bankston, 401 So.2d at 437; Drachenberg, 563 So.2d at 525.
In H.J. Bergeron, Inc. v. Parker, 06-1855, p. 3 (La.App. 1 Cir. 6/8/07), 964 So.2d 1075, 1076, the First Circuit found the agreement to be a bond for deed contract because it provided a description of real property, a purchase price in installments and an agreement to deliver title after the payment of the "Sale Price." In addition, the last paragraph of the document specifically referred to the parties as BUYER and SELLER. The court noted that similar documents have been held to be "Bond for Deed" contracts.
In Tabor v. Wolinski, XXXX-XXXX, p. 2 (La.App. 1 Cir. 9/22/00), 767 So.2d 972, the contract was found to be a bond for deed because the defendants were obligated to make all of the payments listed in the agreement, including payment of the consideration.
The Defendant contends that the agreement is ambiguous and a contract of adhesion, requiring this Court to determine the intent of the parties, a factual issue. This was not a contract of adhesion. The parties are sophisticated business enterprises who executed a contract particular to their agreement.[1] Nevertheless, we find it is ambiguous.
In interpreting a contract, the courts determine the common intent of the parties. La.C.C. art. 2045. But, when the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent. La.C.C. art. 2046. Each provision in a contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole. La. C.C. art. 2050.
The amortization schedule here contains a fixed purchase price, and contains a declining balance. The parties clearly did not view the document in the same way. That they are confused as to the nature of the contract can be expected considering the amortization schedule, which can be construed as either listing the declining payments for a bond for deed sale, or as listing the balances that would be owed if the option to purchase was exercised on particular dates. Furthermore, the purpose of the $100,000 payment is unclear and subject to various interpretations. Consequently, we find that the trial judge erred in granting the motion for summary judgment, as there are material issues of fact in dispute as to whether the parties intended the agreement to be a bond for deed sale or an option to purchase. See: La.C.C.P. art. 966 B.
ATTORNEYS' FEES
The Plaintiff was denied attorney's fees at a hearing following the summary judgment. In brief, the Plaintiff requests this Court to reverse that finding and render an award. According to the record, the Plaintiff failed to file an appeal or *798 answer to the appeal from that judgment. Without a formal appeal or answer to the appeal, the issue is not properly before the Court.
Accordingly, the summary judgment is hereby reversed and the case is remanded for further proceedings.
JUDGMENT REVERSED, CASE REMANDED.
NOTES
[1] In Aguillard v. Auction Management Corp., 04-2804, p. 9 (La.6/29/05), 908 So.2d 1, 8-9, the Louisiana Supreme Court defined a contract of adhesion as: ". . . a standard contract usually in printed form, prepared by a party of superior bargaining power for adherence or rejection of the weaker party. Often in small print, these contracts sometimes raise a question as to whether or not the weaker party actually consented to the terms. . . .

Nevertheless, not every standard form is a contract of adhesion. Aguillard, 04-2804 at p. 11, 908 So.2d at 10.