WALTER J. ROTHSCHILD, Judge.
| ¡.This is defendant’s second appeal in this litigation involving a contract dispute. In defendant’s first appeal, this Court reversed a summary judgment rendered in favor of plaintiff and remanded the matter for further proceedings. Bayou Fleet Partnership v. Phillip Family, LLC, 07-581 (La.App. 5 Cir. 2/6/2008), 976 So.2d 794. Following a trial on the merits, the trial court rendered judgment in favor of plaintiff, including an award of attorney’s fees. Defendant’s motion for new trial was denied, and defendant now brings the instant appeal.
The facts as stated in our previous opinion are as follows:
In December 1999, the parties entered into a contract entitled Lease Agreement regarding property along Highway 90 in Boutte, Louisiana. The agreement contains a provision referring to an option to purchase. The Defendant paid the Plaintiff a lump sum in the amount of $100,000 at the time the document was executed. The monthly payments were $4,500 per month for sixty months commencing March 1, 2000, and ending *1114 February 31, 2005. [sic] Part of the monthly payment was set aside toward the purchase of the property. Under the contract, |sthe remaining balance would be amortized pursuant to a “Schedule of Purchase Option Dates and Amounts.”
In 2004, the Defendant informed the Plaintiff that it intended to fulfill the contract. The Defendant perceived the contract as a bond for deed sale. The Plaintiff considered the contract a lease purchase agreement. It responded with a letter referring to the contract as a lease with an option to purchase.
In February 2005, the Defendant sent a monthly payment. It was returned un-negotiated on March 4, 2005. On March 9, 2005, the Plaintiff attempted to negotiate a new agreement through which a right and/or servitude to fleet its vessels along 465 feet of river frontage of the property would be granted in addition to the purchase of the property at issue. The Defendant did not accept the proposed agreement, but instead arranged for a real estate closing during which it was prepared to pay the balance of the sale price. The Plaintiff did not appear.
On April 22, 2005, the Plaintiff filed a petition for declaratory judgment asking the court to declare that the lease agreement expired at the end of the lease term, and that the option to purchase the property was not exercised by the Defendant within the term. It further requested an order for the Defendant to cease activities on the land, and to immediately vacate the property.
Bayou Fleet Partnership v. Phillip Family, LLC, 07-581, pp. 2-3, 976 So.2d at 795-796.
As indicated by the record of the first appeal, Phillip Family, LLC responded to Bayou Fleet Partnership’s petition for declaratory judgment with an Answer and Reconventional Demand asserting claims of breach of contract, unjust enrichment, detrimental reliance, and in the alternative, breach of bond for deed contract. Thereafter, Bayou Fleet Partnership moved for summary judgment which was granted by the trial court. This Court reversed that judgment, finding issues of fact remained as to whether the parties intended the agreement to be a bond for deed sale or an option to purchase.
On remand, the matter was heard in a bench trial on December 14, 2010 and written judgment was rendered on January 10, 2011 in favor of plaintiff as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiffs Petition for Declaratory Judgment is granted affirming that the Lease Agreement between Bayou |4Fleet Partnership and Phillip Family, LLC expired on February 28, 2005 and that the option to purchase the property made the subject of the Lease Agreement was never exercised by defendant, Phillip Family, LLC and that defendant, Phillip Family, LLC has no claim or right to or over the property made the subject of the Lease Agreement;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Reconventional Demand of Phillip Family, LLC is denied in which Phillip Family, LLC seeks delivery of title to the property made the subject of the Lease Agreement to Phillip Family, LLC on the basis that the Lease Agreement constituted a contract to sell real property in which the purchase price was to be paid by the buyer to the seller in installments in which the seller after payment of a stipulated sum agreed to deliver title to the buyer which constituted a bond for deed contract, and further, plaintiff in reconvention, Phillip Family, *1115 LLC is denied any and all recovery against Bayou Fleet Partnership.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the attorneys’ fees and costs subsequent to March 9, 2007, the date that Bayou Fleet Partnership’s Motion for Summary Judgment regarding attorneys’ fee was denied are granted in favor of Bayou Fleet Partnership in the amount of FORTY-EIGHT THOUSAND FOUR HUNDRED TWENTY-FIVE AND 24/100 DOLLARS ($48,425.24).
By this appeal, Phillip Family, LLC argues that the trial court erred in failing to find the contract between the parties constituted a bond for deed contract pursuant to La. R.S. 9:2941. Phillip Family, LLC further argues that the trial court erred in awarding attorney’s fees and costs to Bayou Fleet Partnership under the terms of the agreement.

Standard of Review

Generally, a contract, subject to interpretation on the four corners of the instrument without the necessity of extrinsic evidence, is interpreted as a matter of law. 2800 Associates, L.L.C. v. Eagle Equity Ltd. P’ship No. 3, 10-687, p. 10 (La. App. 5 Cir. 3/29/11), 64 So.3d 283, 290. However, in the present case, factual findings were necessary to resolve the dispute over conflicting interpretations of the contract, and these findings may only be disturbed if they are found to be | ¿manifestly erroneous. Id. The manifest error standard of review does not allow the appellate court to reweigh the evidence or substitute its own factual findings. Kuebel v. Charvet’s Garden Center, Inc., 09-635, p. 17 (La.App. 5 Cir. 12/29/09); 30 So.3d 885, 895. Where there are two permissible views of evidence, the fact finder’s choice between them cannot be manifestly erroneous or plainly wrong. Id. Interpretation of a contract is the determination of the common intent of the parties. La. C.C. art. 2045. Intent is an issue of fact which is to be inferred from all of the surrounding circumstances. D’Antonio v. Simone, 94-798, p. 6 (La.App. 5 Cir. 3/15/95); 653 So.2d 678, 680. A doubtful provision must be interpreted in light of the nature of the contract, equity, usages, the conduct of the parties before and after the formation of the contract, and of other contracts of a like nature between the same parties. La. C.C. art. 2053.

The Agreement

In its judgment, the trial court determined that the contract between the parties was a contract of lease with an option to purchase rather than a bond for deed. Our review of the record fails to show that this determination is manifestly erroneous.
A lease is a contract by which one party, the lessor, binds himself to give to the other party, the lessee, the use and enjoyment of a thing for a term in exchange for a rent that the lessee binds himself to pay. La. C.C. art. 2668. The essential elements of a lease are the thing, the price, or rent, and consent of the parties. Southern Treats, Inc. v. Titan Properties, L.L.C., 40,873 (La.App. 2 Cir. 4/19/06), 927 So.2d 677, writ denied, 06-1170 (La.9/15/06), 936 So.2d 1271.
|fiConversely, a bond for deed is a contract to sell real property, in which the purchase price is to be paid by the buyer to the seller in installments and in which the seller after payment of a stipulated sum agrees to deliver title to the buyer. La. R.S. 9:2941. Phillip Family, LLC argues that the agreement between the parties met the requirements set forth by this statute, and that they intended the contract to be a purchase agreement rather than a lease agreement.
*1116 At the trial of this matter, the parties jointly submitted a copy of a document entitled “Lease Agreement” between “Bayou Fleet Partnership (Owner) and Phillip Family, LLC (Tenant), relative to the use of certain property situated in St. Charles Parish, Louisiana ...” The legal description of the property was attached to the document as Exhibit “A”, and the term of the lease was stated as sixty months commencing February 1, 2000 and continuing through January 31, 2005.[1] The document further provided that “[t]enant agrees to pay a monthly rental for the use of the property, the sum of ... $4,500.00.” The document further provided:
For and in consideration for the granting of the following Option to Purchase, Tenant agrees to pay to Owner the sum of ... $100,000.00 at inception or before February 1, 2000. Upon payment of the above consideration, Tenant shall have the option at any time during the term of this agreement to purchase the property pursuant to the Schedule of Purchase Option Dates and Amounts attached to this agreement, as Exhibit “C”, provided that Tenant is not in default under any other terms specified in this agreement.
Exhibit “C” was submitted as part of Joint Exhibit 2 and contained a “Schedule of Purchase Option Dates” with a listing of the monthly rental payments and the amount necessary to purchase the property for each month through February of 2005. The lease agreement was signed on behalf of Tenant Phillip Family LLC by A.J. Phillips.
|7A.J. Phillips testified at trial that he did not read the entire agreement, but that he read the terms regarding the monthly rental payment of $4,500.00 and the $100,000.00 down payment, which he construed to be an agreement to purchase. He stated he did not pay attention to the word “tenant” in the agreement. He also acknowledged that although he believed the monthly payments represented both principal and interest toward purchase of the property, these terms are not contained in the agreement. He stated that he had a verbal agreement with the representative of Bayou Fleet Partnership that the agreement provided for a purchase of the property for a sum of $500,000.00, although he acknowledged that it would have taken almost nine years of monthly rental payments to reach that amount.
Robin Durant, the managing partner of Bayou Fleet Partnership, testified that A.J. Phillips approached him about leasing the subject property in 1999, but that he was not interested in purchasing the property at that time. Mr. Durant stated that Mr. Phillips hoped that he could apply a portion of the rental payments toward the purchase price if he decided at a later time to purchase the property. Mr. Durant stated he agreed to do this and he drafted the lease agreement and included an option to purchase provision. He stated that Mr. Phillips was given time to review the agreement and that he signed it without revision.
Mr. Durant stated that the agreement was never intended to be a purchase agreement, and he never discussed a purchase price of $500,000 with Mr. Phillips. He stated that the $100,000 that Mr. Phillips paid at the outset of the agreement was intended to be for the option to purchase as clearly stated in the agreement. He also stated that the schedule of payments attached to the agreement indicated 18what the purchase price would be on each date if Mr. Phillips exercised his option to *1117 purchase on that date during the term of the lease.
Mr. Durant stated that in November of 2004, Mr. Phillips approached him with a request to extend the term of the lease. Mr. Durant denied this request, but stated that if Mr. Phillips wanted to exercise the option to purchase, it must be executed prior to the expiration of the existing lease. At that time, Mr. Phillips indicated his intent to “close it out” before the end of the year, and Bayou Fleet sent Mr. Phillips the payout amount for the option to purchase which had been attached to the lease agreement.[2] Bayou Fleet suggested that Mr. Phillips’ attorney make arrangements for an act of sale before the end of the year, but Bayou Fleet did not receive any information regarding the sale from Mr. Phillips prior to the expiration date on the lease.
Mr. Durant stated he did not hear from Mr. Phillips during this time and assumed he did not have the funds to purchase the property. He further stated that he was out of town sometime during February of 2005, but that he did not receive any messages from Mr. Phillips during this time and Phillips Family LLC did not exercise its option to purchase prior to the expiration date on the lease. The record indicates that in late February, Bayou Fleet received a rental payment in the amount of $4,500.00 for the month of March. Mr. Durant stated that he returned this check to Mr. Phillips and asked to retake possession of the property as the lease had expired.[3]
Mr. Durant stated that Mr. Phillips subsequently asked for additional time to execute the option to purchase. Mr. Durant stated he agreed to this request under 19certain specified conditions. Mr. Phillips declined those conditions and Bayou Fleet then began the process of taking possession of the subject property.
Following trial, the trial court ruled in favor of Bayou Fleet Partnership that the agreement constituted a lease agreement that expired before Phillip Family LLC could exercise its option to purchase. Upon a motion for written reasons of fact and reasons for judgment, the trial court incorporated his oral reasons in part as follows:
All right. Here’s what I find. As far as this contract being a bond for deed, the court finds that no sales price was listed anywhere within the lease. There was no indication that full payment ever had to be made within the five years, as would be in a typical bond for deed, that it would be. made in installments, and the installments would have to be long enough to pay for the total price of the property. That was not done. So there was no indication of full payment and no requirement to fully pay within the wording of the lease. No use of terms such as “sales price.” The use of terms were all “rental payments” and “purchase options.”
The lease, as it’s called a “lease,” as it was signed as a “tenant,” Mr. Phillips signed as a “tenant,” is replete with wording, every time there is a wording it’s “option to purchase,” in paragraph three. “Unless option is exercise,” under paragraph thirteen. Under four, “duration of the lease,” and then “tenant, tenant, tenant, tenant.” So there’s many indications that this agreement could end without a sale ever taking place or the money ever having been paid.
*1118 So I do not believe that bond for deed has been proved. I believe that this is a lease agreement with an option to purchase.
Although the record in this case indicates that the parties to this agreement gave conflicting testimony as to their intent in entering into the contract, the trial court reviewed the terms of the agreement and heard the parties’ testimony regarding their intent. The trial court concluded that the agreement was a lease agreement, and it credited the testimony of Mr. Durant with regard to the parties’ linintent over the testimony of Mr. Phillips. Intent is an issue of fact which is to be determined from all of the surrounding circumstances. 2800 Associates, L.L.C. v. Eagle Equity Ltd. P’ship No. 3, 64 So.3d at 290. Further, the fact-finder’s choice between two conflicting views of the evidence cannot be manifestly erroneous. Id.
We have reviewed the entire record in this case, including the written agreement between the parties, all documentation and correspondence, as well as the parties’ testimony regarding the circumstances surrounding the execution of the agreement. The evidence in the record supports a finding that the agreement conveyed the right to use the property in exchange for monthly rent with an option to purchase during the terms of the agreement afforded the Phillip Family, LLC. Notably, the document does not contain a sales price for the property, but rather clearly lists the purchase as an “option.” Although Phillip Family, LLC contends that the parties’ verbal agreement conveyed different terms, we find the record supports the trial court’s factual determinations that the intent of the parties in executing the lease was set forth in the actual terms of the document. We find the trial court was within its discretion in refusing to credit the testimony of Mr. Phillips, who admitted at trial that he did not read the agreement before signing it. Based on the record before us, we are unable to find that the trial court’s decision to interpret the agreement as one of lease rather than of bond for deed is manifestly erroneous. We will therefore not disturb the trial court’s ruling.
Phillip Family, LLC also contends that the trial court erred in awarding Bayou Fleet Partnership attorney’s fees and costs for this litigation when the trial court previously refused to make such an award at the time summary judgment was granted. Phillip Family LLC contends that the issue of attorney’s fees and costs [nwere previously litigated between the parties and cannot be re-litigated based on principles of res judicata.
In order to prevail on a claim of res judicata, a party must prove, among other things, that there was a final judgment on the merits. Schneidau v. Vanderwall, 08-1274 (La.App. 5 Cir. 5/26/09), 17 So.3d 61, 64. Further, a denial of a summary judgment is an interlocutory judgment, to which res judicata does not apply. First Homestead Federal Sav. & Loan Ass’n v. Harrington, 491 So.2d 736, 737-38 (La.App. 5 Cir.1986).
The record in the present case indicates that the issue of attorney’s fees was initially raised by Bayou Fleet Partnership in 2007 by way of motion for summary judgment along with Bayou Fleet’s claims that they were entitled to judgment as a matter of law on the merits of this lawsuit. At that time, the trial court granted summary judgment on the merits of the declaratory judgment but denied judgment as to the claim for attorney’s fees. The judgment regarding attorney’s fees was therefore an interlocutory judgment which was not final and could be reconsidered by the trial court at any time. Further, this Court reversed the trial court’s ruling on the *1119 summary judgment as to the merits and remanded the case for a full trial. Under these circumstances, we find that the trial court was not prevented based on principles of res judicata from considering Bayou Fleet Partnership’s claim for attorney’s fees following a full trial.
Further, a review of the agreement between the parties supports the trial court’s determination that an award of attorney’s fees in this matter is warranted. Paragraph 17 of the agreement provides in part that “[i]n the event of litigation to enforce any rights or obligations hereunder, the prevailing party shall be entitled to 112attorney fees plus all costs and expenses.”[4] Although Phillip Family, LLC argues that this paragraph of the lease only applies to failure to pay rent, we find that the provision regarding attorney’s fees applies to this dispute regarding whether the option to purchase could be exercised following the expiration of the lease terms. The present litigation in which Bayou Fleet sought a declaration of its right to retain possession of the property certainly can be interpreted as “enforcing rights of the parties,” and the prevailing party was therefore entitled to attorney’s fees and costs. We find no error in the trial court’s ruling in its award of attorney’s fees and costs to Bayou Fleet Partnership in this case.
Accordingly, for the reasons assigned herein, the judgment of the trial court in favor of Bayou Fleet Partnership and against Phillip Family, LLC is hereby affirmed. All costs of this appeal are assessed against Phillip Family, LLC.

AFFIRMED

. The agreement was subsequently amended by mutual agreement of the parties to provide the term of the agreement was March 1, 2000 through February 28, 2005.

. A copy of this letter dated December 7, 2004 is contained in the record.

. A copy of this letter dated March 4, 2005 is contained in the record.

. The full text of Paragraph 17 is as follows:
In the event Tenant violates any conditions of this Agreement, or fails to pay the rent punctually, as stipulated herein, and should such violation continue for a period of five (5) days after written notice has been given to Tenant, then this Agreement may immediately be canceled by Owner, and Tenant agrees to waive all legal notices by vacating the premises and Owner reserves all rights to collect past due installments of rent. In the event of litigation to enforce any rights or obligations hereunder, the prevailing party shall be entitled to attorney fees plus all costs and expenses.